# CHARLESTON.

BARNA v. GLEASON COAL COMPANY.

Submitted January 14, 1919.  Decided January 21, 1919.

1. EVIDENCE—*Damages.*

In an action for damages for personal injuries the opinion evidence of a physician or surgeon as to the nature of the injuries, and whether permanent or temporary, is competent on the question of damages recoverable in the action. (p. 218).

2. SAME—*Incompetent Evidence—Admissibility.*

Opinion evidence of non-expert witnesses as to matters of which the jury are as competent to judge as the witness on facts given in evidence is not as a general rule competent to go to the jury. (p. 218).

3. APPEAL AND ERROR—*Admission of Evidence—Striking Evidence—Prejudice.*

The admission of evidence oral or documentary subject to future rulings of the court in the progress of the trial and subsequently stricken out and not allowed to be read to or considered by the jury, does not constitute prejudicial error calling for reversal of the judgment, when it does not clearly appear that the objecting party has been prejudiced by such rulings of the court thereon. (p. 218).

4. SAME—*Harmless Error—Instructions—Applicability to Evidences*

The giving of an instruction when there is any appreciable evidence tending to support it does not as a general rule constitute reversible error. If there is no evidence on the subject of such instruction the rule is otherwise. (p. 220).

°5. TRIAL—*Evidence—Instructions.*

If there is any appreciable evidence tending to support the theory of an instruction, the giving of it does not constitute reversible error, though it turns out on the final test that such evidence is not sufficient to support the verdict. (p. 220).

6. NEGLIGENCE—*Evidence—Directed Verdict.*

Where the evidence of negligence on which recovery is sought is so indefinite and uncertain as not to warrant a verdict thereon, the court should on motion of defendant direct a verdict in his favor, and not to do so constitutes error calling for reversal and the award of a new trial. (p. 222).

7. APPEAL AND ERROR—*Harmless Error—Instructions—Modifications.*

Where an instruction proposed is modified so as not to change its meaning or effect, and given as modified, such modification does not constitute reversible error. (p. 222).

8. WAR—*Alienage—Pleading.*

The fact appearing during the trial that the plaintiff, who has resided in this country for many years, was born in a country against which since suit brought this country has declared war, does not prove alienage. The fact that plaintiff is an alien enemy is defensive and ordinarily unavailing without timely plea. (p. 225).

Error to Circuit Court, Mineral County.

Action by Ambros Barna against the Gleason Coal & Coke Company. Judgment for plaintiff, and defendant brings error.

*Reversed, verdict set aside, new trial awarded.*

*Taylor Morrison* and *Albert A. Daub*, for plaintiff in error.
*Arthur Arnold* and *W. C. Grimes*, for defendant in error.

MILLER, PRESIDENT:

Writ of error to the judgment of the circuit court of Mineral County in favor of the plaintiff for the sum of $7,-583.33-1/3. The action was one in case for alleged injuries sustained by plaintiff while employed as a miner in defendant's coal mine, due to the alleged negligence of defendant pleaded in the declaration. The only plea by defendant on which issue was joined was not guilty.

The only grounds of action, averred in the two counts, or paragraphs, of the declaration are the neglect of the general duty of defendant to use reasonable care and skill in providing plaintiff with a reasonably safe place to work, and to use all due care, caution and diligence to prevent danger, accident and injury to him while so employed, and to that

end to cause all loose coal, slate and slack, stone and sand overhead in the rooms, air courses, drifts, passage ways and working places in said mine to be removed or carefully secured with sufficient props and stays to keep the coal, slate, slack, stone and earth hanging loosely about the roof of said mine from falling upon him, and negligently, carelessly and knowingly assigning and directing him to work in a place in said mine known to be dangerous, and whereby he sustained his injuries.

To reverse the judgment several points of error are relied on. The first relates to certain opinion evidence of Dr. Kemp, as to the permanency of plaintiff's injuries, and that he would never again be able to pursue his occupation of coal miner; to the evidence of plaintiff that if he had been allowed to put down additional track as he desired, he would not have been injured, and to the striking out of certain of the evidence of defendant's witness Rinker, who after describing the condition of the mine previous to plaintiff's injuries, undertook to give it as his opinion that the mine where plaintiff was at work was in fine condition, the court ruling that all his evidence describing the condition of the mine should remain, but that his opinion evidence should be excluded. The alleged discrimination against the defendant in these rulings is emphasized by counsel for defendant as prejudicial.

The exception to Dr. Kemp's testimony is clearly without merit. Proper elements of damages in such cases are the nature of the injuries, and whether permanent or only temporary. Who is better qualified to speak on this subject than an attending physician and surgeon? That such evidence of a medical expert based on actual knowledge of the facts or facts proven by others is admissible is supported by the great weight of authority. *Norfolk Ry. & Light Co.* v. *Spratley*, 103 Va. 397; *Perkins* v. *Monong. Tract. Co.*, 81 W. Va. 781, 95 S. E. 797; *Holman* v. *Union St. Ry. Co.*, 114 Mich. 208, 72 N. W. 202; 2 Enc. Evidence 848; *Carthage Tpke. Co.* v. *Andrews*, 102 Ind. 138, 52 Am. St. Rep. 653; *Evansville & T. H. R. Co.* v. *Crist*, 116 Ind. 446, 9 Am. St. Rep. 865; *Fay* v. *Hanlon*, 128 Mass. 244; *Buel* v. *New York Cent. R. Co.*, 31 N. Y. 314, 88 Am. Dec. 271.

Respecting the evidence of the plaintiff, that if he had been·permitted to lay the track he desired he would not have gotten hurt, while he was an experienced coal miner, his opinion was hardly competent. Besides, the facts as to how and where he proposed to lay the track are very poorly developed, and how the laying thereof would have prevented his injury does not appear from the facts proven. If upon another trial the question becomes material, which we do not now see, he should be confined to stating all the facts and allow the jury to draw their own conclusions from them. On the same principle we see no error in the ruling of the court in respect to the opinion evidence of defendant's witness Rinker.

The next point urged is that after defendant had admitted on the record that it was in default to the Workmen's Compensation Fund at the time of plaintiff's injuries, the court over its objection permitted plaintiff to prove by the witness Topping of the Compensation Commissioner's office the same fact, and to introduce the record and also the correspondence with defendant relating to such default. It is admitted that this documentary evidence, admitted subject to the future ruling of the court, was not read to the jury, and that by defendant's instruction number 7 given to the jury, all this evidence except the bare fact that the defendant had defaulted to the Workmen's Compensation Fund and was not a member thereof in good standing at the time plaintiff was injured, and also the fact that defendant had continued to deduct from plaintiff's wages his share of the premium, was stricken out and was not allowed to go to the jury. Nevertheless it is insisted that all of the facts got to the jury's ears to the prejudice of defendant, and that the verdict ought to be set aside on this account. We cannot agree with counsel on this proposition. How this evidence not read to the jury could have prejudiced defendant does not sufficiently appear. Courts frequently in the course of trials are obliged to admit evidence subject to future rulings. When better advised the course is to modify the rulings thereon. We are cited to no authority supporting the point and we find none.

Next in order are the several points as to the giving and refusing of instructions. And first respecting plaintiff's instructions, twelve asked, ten only given. It is affirmed of them generally that they are not complete and are not predicated upon the pleadings and proofs in the case. Respecting Nos. 1, 2 and 3 it is said as of the rest of those given, that they too much assume negligence, that they are abstract. It is not denied that each states correctly the general law of negligence. The objection is that they are objectionable in not limiting their application to the acts of negligence alleged and as to which there was at least some degree of proof. We do not find that it has ever been held reversible error to give an instruction general in terms if there is any evidence to which it may be applied. The rule invoked by defendant's counsel is applicable where the instruction is so indefinite as to be misleading and there is no evidence in the case on which such instruction can be properly predicated. *Bond* v. *Balto. & Ohio R. R. Co.*, 82 W. Va. 557, 96 S. E. 932; *Suttle* v. *Hope Nat. Gas Co.*, 82 W. Va. 729, 97 S. E. 429, 432; *Lawrence* v. *Hyde*, 77 W. Va. 639, 645; Blashfield's Instructions to Juries, Chap. VIII. See also 7 Enc. Dig. Va. & W. Va. 720, and the numerous cases there digested. Although the evidence of negligence may not be sufficient to justify a verdict, yet if there be any evidence to which the instructions may apply, the trial court may submit them to the jury. Of course if there is no evidence at all to which they can go, they should be refused as misleading. *Squilache* v. *Tidewater Coal & Coke Co.*, 64 W. Va. 337, 349 et seq. and cases cited at page 350. We have no hesitation in saying however that the practice ought in all cases to limit the instructions to the facts pleaded and claimed to have been proved. Stating the law in the abstract is calculated to mislead and bring about verdicts not warranted by allegata and probata.

Of instruction number 5 it is pointed out not only that it is too general and abstract on the question of negligence but that by the language "and if you believe from the evidence that the defendant failed to do what, under the circumstances and facts in evidence *the jury may believe was*

83 W. Va.

*incumbent on its part to do,* in order to keep the room or
place in which plaintiff worked in a reasonably safe condi-
tion in that nature of business, and that the injury to the
plaintiff was directly caused by such failure then the jury
should find for the plaintiff," the court left it to the jury
to say what is negligence, a question for the court, and not
alone whether there was negligence. This exact instruc-
tion was approved in *Russell Creek Coal Co. v. Wells,* 96
Va. 416. It limits the finding of the jury to the facts and
circumstances in evidence. It defines negligence and then
tells the jury in the language quoted what the law is if they
find the facts proven show neglect of duty. If there is any
degree of evidence supporting the theory of an instruction,
it is not error to give it, although it turns out on the final
test not sufficient to support the verdict. *State v. Clifford,*
59 W. Va. 1, syl. 6; *Snedeker v. Rulong,* 69 W. Va. 223, 226;
*Jones v. Riverdale Bridge Co..* 70 W. Va. 374, 380.

Instructions number 6 and 7 were predicated on the theory
that there was evidence tending to show defendant had neg-
ligently allowed coal to hang loose in the roof of the mine
over the working place where plaintiff was employed, render-
ing the place unsafe, which fell on him and caused his in-
juries. On this theory and the very slight evidence thereof,
the instruction may not be erroneous. Number 6 seems to
have been approved in *Hansell-Elcock F. Co. v. Clark,* 115
Ill. App: 209, 212, affirmed by 214 Ill. 399. Number 7 is
substantially the same as number 6, and if supported by the
facts proven, would justify a finding in favor of plaintiff,
since the enactment of section 26. chapter 15P of Barnes'
Code. *De Francesco v. Piney Mining Co.,* 76 W. Va. 756;
*Yale v. Coal & Coke Co.,* 76 W. Va. 50.

Is plaintiff's instruction number 8 erroneous? It is pred-
icated on the theory of negligence in failure to have a com-
petent mine foreman and negligence in the performance of
his duties, a fact not alleged in the declaration as the basis
of recovery. It is contended for plaintiff that failure to
employ a competent mine foreman is comprehended in the
general allegation of neglect to furnish a safe place to work,
and to use all due care, caution and diligence to prevent

danger, accident and injury to plaintiff, and failure to operate said mine with reasonable safety and ordinary care. We do not think so. But as the law now is, since the enactment of the Workmen's Compensation law, whether or not the defendant employed a competent mine foreman is imma-' terial, and the instruction in its final paragraph tells the jury that the negligence of the mine foreman no longer excuses a defendant who has failed to comply with the Workmen's Compensation act. *De Francesco* v. *Piney Mining Co., supra.*

Plaintiff's instruction number 9 was erroneously given. It is predicated on the theory that Brown, superintendent, directed plaintiff to work in a dangerous and unsafe place, knowing it to be dangerous, as a result of which he sustained his injuries. If it was true, which Brown denies, that he gave such direction, plaintiff's own evidence is that he was not at work at the place where Brown is alleged to have directed him, namely, on the right side of the entry, but on the left side contrary to such directions. So there was no evidence to support this theory. The instruction is based on the principles enunciated in *De Francesco* v. *Piney Mining Co., supra,* and *Louis* v. *Smith-McCormick Const. Co.,* 80 W. Va. 159, and other cases that if the master with knowledge thereof directs his servant to work in a dangerous place resulting in his injury, the master is liable. But as the evidence justifies no such theory, the instruction was erroneous and misleading, and ought not to have been given. Instruction number 10 is substantially the same as number 9 and amenable to the same criticism, and the court erroneously gave that instruction to the jury.

We have next to consider the defendant's instructions. Instruction number 1, directing a verdict for defendant, was refused. We are of opinion on the record now presented that the evidence was insufficient to warrant the verdict. Plaintiff's case rested mainly if not entirely on his own evidence. The main if not the only theory on which his counsel relies to sustain the judgment is that he sustained his injuries by the fall of coal from the roof over the place in the mine where he was at work loading slate and stone into

cars placed on the track for that purpose, which should have been discovered and removed by defendant, and not at the face of the coal which had been undercut and which he was required to take out. Slight evidence given by plaintiff on his examination in chief tends in some slight degree to support this theory. When asked where the bad place was in the roof with reference to the track, he answered, "Just above the track," but he immediately says that the place could not have been propped up because he could not put a prop in the middle of the track, that he could not put a post where he had to shovel coal. He admits he had been directed to work on the right side of the entry, but when he was injured he was working on the left side. His evidence is that if he had been allowed to shoot down the loose coal and to have put the track up, he would have escaped injury. He says however that the condition of the mine was good on Monday but had become dangerous by Saturday by reason of the coal which he wanted to shoot down becoming loose. Whether this loose coal was coal left by him in the roof back of his working place and over the track already built or at the face of the upper of the two seams from under which he had shot down the lower seam and the slate and stone binders of the two seams existing in the mine, his evidence in chief leaves in grave doubt. But on cross-examination he seems to make it clear that the coal that fell upon him was not the coal left by him over previous cuttings, but the upper seam of coal lastly undercut for him, which had become loose in his mining out part of the under seam and the binder of stone or slate and shot down and removed by him; for he says distinctly that it was not rock which fell on him, but coal. When asked if he had not taken out the coal itself, he said "Yes," and had loaded it onto the cars, and that the upper seam described by him as "big coal" fell on him. He does say it was roof coal that fell on him, but his evidence clearly indicates that the roof coal referred to was the upper seam of coal which it was his duty to mine out as well as the lower seam. The evidence shows that the machine man a day or two before plaintiff was injured undercut the lower seam to the depth of six feet, and then it was the duty of the

plaintiff to shoot down the lower seam and load it, and then the binder and remove it, and then to shoot down the upper seam and load it, and the manner of doing this was to pick it out and not go under where the coal was liable at any time to fall on him. It is conceded that if it was the upper seam of this coal which fell and did the injury, as one or two witnesses for defendant positively swore, defendant was guilty of no negligence, but plaintiff's injuries were due solely to his own negligence in going under the overhanging coal. The plaintiff admits that the coal could not be propped up while mining it out. So that as the facts now appear on the record, we must hold that no negligence was shown on the part of defendant on which a verdict for plaintiff can stand. Whatever the facts on another trial may show, there is no evidence in this record on which a verdict for plaintiff can safely be predicated.

Respecting defendant's instruction number 5, modified by the court and given as number 8, we see no error in the modification prejudicial to defendant's rights. The instruction as asked and as modified mean one and the same thing. As offered it would have told the jury that if plaintiff's injuries were caused *wholly* by his own conduct, he could not recover. The amendment introduced the words "and was not contributed to by negligence on the part of the defendant company or its officers, agents or employees." Of course if plaintiff's injuries were caused wholly by his own act, they could not have been contributed to by defendant. The instruction was good as offered and was not changed in meaning by the modification, although the modification was not necessary.

The next point to be considered is the action of the court in overruling defendant's motion to set aside the verdict of the jury and award it a new trial. The first ground was that the verdict was without evidence to support it. As we have decided in disposing of the defendant's instructions that the evidence was not sufficient to warrant a verdict for plaintiff, we are of opinion that the point was well taken and should have been sustained. The other grounds as-

signed for a motion for a new trial, we have already considered and disposed of.

Lastly, the point is made that plaintiff is an alien enemy and that any judgment in his favor ought not to prevail on principles of international law and public policy. This point was not raised by the pleadings or otherwise by proof except on cross-examination by defendant plaintiff answered that he was born in Austria. Defendant excuses itself for not having pleaded this fact at the trial on the ground of ignorance thereof and want of opportunity. But this is an untenable position, for under our practice pleadings may be amended at any time during the trial if substantial justice will thereby be promoted. The fact admitted, that plaintiff was born in Austria, does not prove alienage, and though an alien, if residing in this country since 1904, as plaintiff proved he had been, and conducting himself properly, he is not precluded from maintaining suits in the courts to vindicate his rights. *Mittelstadt* v. *Kelly*, 168 N. W. 501; *Arndt-Ober* v. *Metropolitan Opera Co.*, 169 N. Y. Sup. 944; *Krachanake* v. *Acme Mfg. Co.*, 95 S. E. 851. But we need not consider this question further, for if the fact is as alleged by defendant, and it becomes material, it can upon the new trial to be ordered be presented by proper plea.

For the errors found in the rulings of the trial court, the judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed, verdict set aside, new trial awarded.*