## CHARLESTON.

Elk Garden Big Vein Mining Company *v.* Richard Gerstell

(No. 5345)

Submitted November 10, 1925. Decided November 24, 1925.

Trespass—*Trespass to Land Committed Through Inadvertence or Mistake, or in Good Faith, Under Honest Belief That Trespasser Was Acting Within His Legal Rights, Innocent Trespass.*

A trespass to land committed, not recklessly, but through inadvertence or mistake, or in good faith, under an honest belief that the trespasser was acting within his legal rights, is an innocent trespass.

(Trespass, 38 Cyc. p. 1002.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mineral County.

Action by Elk Garden Big Vein Mining Company against Richard Gerstell. Judgment for plaintiff, and defendant bring error.

*Reversed and judgment entered.*

*Wm. McDonald,* for defendant in error.

*R. A. Welch, H. P. Whitworth* and *Chas. N. Finnell,* for plaintiff in error.

Litz, Judge:

The defendant, Richard Gerstell, and George W. Price, being joint owners of a 227 acre tract of coal bearing land in Mineral county, a small acreage of which was underlaid by what is known locally as the Elk Garden Big Vein seam of coal, in February, 1891, sold the coal in said seam to Patrick H. Brown, M. P. Fahey, John Fahey and John Brophy, and on December 14, 1892, conveyed it, with mining rights, to the plaintiff corporation which had been organized by said purchasers to operate the same. Beginning operations in 1891, plaintiff completed the mining and shipment of all of said coal that was merchantable in August, 1895; and, abandoning the unmerchantable residue, consisting of "a very small fraction" of the out-crop coal, containing 11/24 of an

acre, soon thereafter removed from the premises all its mining equipment and other property. In 1896 the corporation was dissolved and ceased to pay taxes on the abandoned coal. During the high prices of coal in 1917 one Granville H. Barrick applied to the defendant, who had acquired the remaining interest of his co-tenant in the land, for permission to mine this remnant of out-crop coal; the defendant having been previously advised by O. D. Harris that he had lately received from John Brophy, stockholder, director and secretary of the corporation, a letter stating that the company asserted no claim to the abandoned coal, and that if Harris desired to mine it he should secure the consent of the lessor or former owner. Obtaining the consent of the defendant, Barrick proceeded to mine and ship the coal without hindrance, or objection from any one except the sons of a former stockholder of the defunct corporation. Being informed of this objection, the defendant presented the facts to reputable attorneys and was advised that he had the right to authorize the mining of the coal. Under his arrangement with the dejection from any one except the sons of a former stockholder of the defunct corporation. Being informed of this objection, the defendant presented the facts to reputable attorneys and was advised that he had the right to authorize the mining of the coal. Under his arrangement with the defendant, Barrick mined some of the coal in 1917 and 1920, and the Locust Grove Big Vein Coal Company, organized by the defendant, Barrick and George R. Davis, mined some in 1918; little, if any, mining being done in the year 1919. The coal so produced was transported by wagon and truck to the railroad.

Thereafter, with the view of bringing this action, the Elk Garden Big Vein Coal Mining Company was revived. Accordingly, in 1922, it caused the institution of a school land proceeding under Chapter 105, Code, to sell as forfeited for non-payment of taxes thereon, the coal which long since had been removed by the defendant and his associates; in which suit the plaintiff was permitted to redeem its title from said forfeiture. This action was then brought to July rules, 1923. Upon a former appeal by certification the right of the plain-

tiff to sue for the alleged trespass was affirmed. *Elk Garden Big Vein Coal Mining Co.* v. *Gerstell*, 95 W. Va. 471.

A verdict of $750.00 in favor of the plaintiff was set aside, upon its motion, on the ground, as appears from the written opinion of the trial court, that the trespass was wilful as a matter of law, necessitating greater damages than found by the jury. This ruling is predicated on the decisions in *Pittsburgh & West Virginia Gas Co.* v. *Pentress Gas Co.*, 84 W. Va. 449, and *Petrelli* v. *West Virginia-Pittsburgh Coal Co.*, 86 W. Va. 612. In the first of those cases the plaintiffs held senior and the defendants junior leases for oil and gas from the same lessors. Pending litigation to determine the priority of the two sets of leases, in which the plaintiffs were enjoined from operating the properties, the defendants proceeded to sink wells and produce oil therefrom. It was held that these acts of the defendants, whose leases were declared invalid, constituted wilful trespass. Point 1 of the syllabus in the case reads: "One who, with full knowledge of facts which make his claim of title to the land invalid, enters thereon and commits acts of trespass, is a wilful trespasser within the meaning of the law, even though he may honestly believe that under such known facts the law confers upon him good title".

In the second case the plaintiff and defendant owned adjoining coal properties. The defendant in its mining encroached upon the plaintiff's property, and removed the pillars, causing the top to fall in order to conceal the trespass. The acts of the defendants here were likewise held to constitute wilful trespass as a matter of law. It is stated as the law of the case: "One who, with knowledge that he is invading the rights of another, extends or permits the extension of a mine which he is operating upon his own property into land owned by another, and operates or permits its operation there, is a wilful trespasser within the meaning of the law".

The facts fully justified the decisions in both of those cases, and in the latter case the law is stated in the concrete to fit the facts. In the former case, however, the law, expressed in the abstract, goes beyond the facts and seems entirely to eliminate the element of good faith. The recent case of *Pan*

*Coal Co.* v. *Garland Pocahontas Coal Co.,* 97 W. Va. 368, in a well considered and painstaking opinion by Judge MEREDITH, restates the rule as follows: "If the trespass be committed, not recklessly, but through inadvertence or mistake, or in good faith, under an honest belief that the trespasser was acting within his legal rights, it is an innocent trespass". *Pittsburgh & West Virginia Gas Co.* v. *Peniress Gas Co.* is reported and fully annotated in 7 A. L. R. 901. It is there stated at page 908: "It is the prevailing rule that a trespasser who encroaches on the land of another, mining and removing minerals, if the taking is inadvertent or under a claim of right, or a *bona fide* belief of title, it is liable in damages only for the minerals removed based on their values as they lay in the mine before being disturbed, or, as it is often expressed, their value *in situ.* And if the evidence is not obtainable of the value of the minerals *in situ,* or if the circumstances of the case make it impracticable to fix their value in this manner, the same result is generally arrived at by proving their value at the mouth of the pit, and deducting therefrom the expense of mining and transporting them to that place".

In the *Pan Coal Company* case evidence that the coal taken by the defendant had been mined and removed from the plaintiff's property with the permission of its superintendent, was declared admissible on an issue of the good faith of the defendant, notwithstanding such superintendent was without authority in the premises.

Considering the facts and circumstances, and that the right of plaintiff to recover at all has been and is a matter of grave doubt with this Court, we are clearly of opinion that under the rule announced in the *Pan Coal Company* case the issue as to whether the acts of the defendant constitute a wilful or innocent trespass was properly submitted to the jury. As the verdict is ample to cover the damages on the basis of innocent trespass, the judgment of the trial court setting aside the verdict will be reversed, the verdict reinstated, and judgment thereon entered here.

*Reversed and judgment entered.*