# CHARLESTON.

BIRD STONE *v*. SAFE INSURANCE COMPANY

(No. 6695)

Submitted October 21, 1930. Decided December 2, 1930.

740

*J. L. Wolfe,* for plaintiff in error.

*S. A. Powell* and *Somerville & Somerville,* for defendant in error.

Woods, Judge:

This is an action against the Safe Insurance Company, a farm mutual company, organized under chapter 55 of the Code, to recover the full amount of an insurance contract ($5,000.00) issued by it, due to loss, by fire, of a building, in which plaintiff lived and conducted a store, a warehouse used in connection therewith, and the greater part of a stock of merchandise and certain household goods. The declaration is in the form prescribed by section 61, chapter 125, Code. In addition to the general issue plea, the defendant filed a special plea to the effect that plaintiff ought not to have or maintain his action because he fraudulently and wilfully burned the property to collect the insurance. A verdict for $4,400.00 was returned in favor of plaintiff, and defendant prosecutes error to a judgment entered thereon.

After receiving notice of the fire, the company sent its adjuster upon the ground to investigate. He arrived on Sep-

tember 18, 1928, and assisted plaintiff in making out his "proof of loss", and, after plaintiff had signed same, endorsed a recommendation thereon that the claim be paid. However, this endorsement was later erased, and, for reasons set up in the special plea, the company refused payment. Suit was immediately instituted.

As appears from the evidence, plaintiff, a man of seventy-one years, was operating a "cross-roads" country store. He was assisted from time to time by a cousin, Squire Cossin, and a daughter, Mrs. Effie Hill, who lived some little distance away. On March 20, 1928, plaintiff, together with Cossin, made an inventory of the stock of merchandise to satisfy the insurance company's requirement. From that time until September 12, 1928, the date of the fire, plaintiff bought goods from H. Benedict & Son, Joseph B. Reed, Pomeroy, Ohio, American Wholesale House, Baltimore, Md., Ravenswood Grocery Company, Ravenswood, and Shattock & Jackson, Parkersburg. He kept no system of books of account showing purchases and sales. All invoices received with goods were strung on a wire hook. No record was made of cash sales. Purchase memoranda were given out to many customers, especially when they bought on time, and a carbon copy kept. There was no means of telling the amount of goods that had been sold between the time of inventory and the fire. All records of every kind, with the exception of the insurance policy and the inventory, which were in the safe, were lost. While defendant introduced evidence tending to support the defense set up in their special plea, every fact was met by the plaintiff in rebuttal.

The two principal assignments of error go to the mode of proof of value of the stock of merchandise. The plaintiff, on the first day of the trial, and after the introduction of the yearly inventory, was asked if he had called upon Joseph B. Reed for a statement of the goods purchased between March 20th and the date of the fire. Upon answering in the affirmative, he was shown a statement purporting to be from the company, and asked how he came into possession of the same. To this he replied that "after the store was burned, and the papers went up in fire", he had written for a statement covering goods bought after the 20th of March. This

statement covered bills of goods sold him on April 13th, May 2nd and May 23rd. Upon a proffer of this paper, counsel for defendant objected, stating that the best evidence is the original invoice. No further attempt was made along this line to establish the loss, except plaintiff was permitted to testify that from his knowledge of the stock of goods, from the invoices, and from daily sales and the purchases from time to time, that the value of the goods at the time of the fire was "a good deal more than three thousand dollars." This, however, was later ruled out by the court. On the following morning, the plaintiff was presented with a paper, prepared under his direction the night before, which purported to show a portion of the goods in the store at the time of the fire, and was asked to state whether or not the goods therein set out were actually in the store and totally lost, and whether the various items and values of the sundry items placed there were correct or whether the values were below the true and actual value. To which the witness replied that it was a true statement of the goods and prices, in his judgment and knowledge. A motion was made to strike the answer, but ruling thereon was deferred. Permission was asked to introduce the paper along with plaintiff's evidence, since it covered a number of items and the price of the items, on the principle of a drawing or map, and not as substantial proof of what was in the document itself. This was objected to, but no ruling made at the time. Two other witnesses, Squire Cossin and Mrs. Effie Hill, who stated that they were familiar with the stock of goods near the time of the fire, testified that the items contained in the paper were correct, in so far as listed. The plaintiff was then permitted over objection to read the items and costs to the jury. The amount of goods as shown thereon amounted to $3,483.90. Plaintiff stated that the list was necessarily incomplete, because all items could not be recalled.

After the admissibility of the foregoing evidence was fully argued by counsel, out of presence of the jury, defendant's motion to exclude was overruled, and the jury instructed that "upon the showing made by the plaintiff up to this time, the court is of the opinion that the evidence offered by the plain-

tiff is admissible and that the question of the weight of evidence is for the jury alone, unless some facts develop in the cross-examination of the witness which would disclose certain circumstances or facts justifying a different ruling.'' A similar ruling was made regarding the evidence of Squire Cossin and Mrs. Effie Hill. The jury were also instructed to disregard the items in the list as primary evidence of the facts purported to be contained therein, with the additional caution that it was being admitted simply for a matter of convenience in the examination of the witnesses and for the use of counsel.

Any competent evidence is ordinarily admissible which tends to show the extent of the loss which plaintiff has sustained by reason of the fire and is entitled to recover under the terms of the policy. 26 Cyc. 533, and cases there cited. Matters within the knowledge of a person qualified to speak as to numbers of items and value thereof are always admissible. The fact that certain entries have been made has never been held to preclude the testimony of a person having knowledge of the facts and able to testify to them from memory. 2 Jones Com. Ev. (2nd Ed.) 1423. Although, ordinarily, a retailer of goods, who keeps a set of books, will depend entirely upon original entries and other records made in the course of business, or make reference to them for the purpose of refreshing memory, yet he is at liberty to testify regarding purchases and sales and amount of stock, so far as he can do so, from memory alone. In view of this fact, many insurance companies at an early day, in order to leave nothing to chance, and to discourage fraud, etc., began to include a provision in their policies, requiring certain records to be kept, and that the same be produced for examination, etc. By it the use of parol evidence has been noticeably curbed. Under the standard policy provided for under section 68 of chapter 34, Code, as amended by chapter 18, Acts 1923, the insured is required to keep a set of books, etc., and where lost, to present certified copies of all invoices, etc. But it is specifically provided therein that the amendment is not to be construed as applying to farm mutual associations organized under chapter 55 of the Code. The policy in the instant case

did not contain any such clause. The only provision contained therein in regard to insurance on stocks of merchandise of any class or kind, or general stock, reads: ''The owner thereof must take an inventory at least once within every twelve months thereafter and shall safely keep an itemized record of such inventory in fire proof safe or in building not exposed by a fire that would destroy said stock of merchandise and shall exhibit said invoice whenever called on to do so by this company and shall mail to the company each year the total amount in figures showing the amount of stock of merchandise at that date.'' Outside of a compliance with the above provision, the insured was permitted to run his store in his own way. No objection was made as to how and where he kept his other records. The company's only yardstick for gauging the amount of loss was the inventory, which indicated that plaintiff had $4,535.20 stock in his store on March 20, 1928. Under the circumstances we are of opinion that the plaintiff, in proving his loss, had the right to avail himself of the means at hand—his memory. As already shown, his effort to introduce a statement from Joseph B. Reed Company, after a showing that he had written that company to supply lost records, was promptly attacked. In any event he had no documentary proof of sales. So, the fact that he testified from memory as to goods actually lost, rather than from secondary record evidence as to purchases and sales, as insisted upon by counsel for defendant, is a matter going to the weight and not to the admissibility of the evidence. It was for the jury to weigh.

But what is the effect of the paper and the reading of its contents to the jury? It has been held in a number of cases that an inventory or list made after the fire as a basis of the testimony of witnesses as to the quality and value of the property damaged and destroyed is admissible as a portion of the testimony, although it was made in part from the recollection of the witnesses testifying to its correctness. *Case* v. *Hartford F. Ins. Co.*, 13 Ill. 676; *Furlong* v. *North British, etc., Ins. Co.*, 136 Iowa 468, 113 N. W. 1084; *Cheever* v. *Scottish Union, etc., Ins. Co.*, 86 App. Div. 328, 83 N. Y. S. 730.

In the case of *Howard* v. *McDonough, Marshall, etc.*, 77 N. Y. 592, a witness for the plaintiff was allowed, over

objection, to use a list made by him from memory, shortly after materials and fixtures of a job printing office had been seized by defendant, under an execution against a third person, in testifying to the articles and their value, and after he had gone through the list, it was offered and received in evidence under objection and exception. Such was held not to be error. And in the case of *Johnston* v. *Farmers' Fire Insurance Co.*, 106 Mich. 96, 64 N. W. 5, it was held that plaintiff's vendor may refresh his memory as to the goods sold from a list made by him from recollection shortly before the trial.

However, in the instant case, in so far as the record discloses, no attempt was made to use the paper for refreshing memory. Its avowed purpose was to expedite getting the amount of loss before the jury. We hardly think it could have been used to refresh memory under the circumstances. The plaintiff was operating a country store with a limited stock. There is nothing in evidence to show whether or not there was a big turn over, and a consequent inability on the part of plaintiff to recall a large percentage of the items actually lost. The stock was under his direct supervision and control. He was called upon to add to and take from the stock from time to time. And, under the record made, we cannot say as a matter of law that conditions were such that it was impossible for him to have recalled the items set forth in the paper. The admission of the paper was limited, and the evidence introduced thereunder was subject to withdrawal from consideration of the jury should cross-examination reveal circumstances or facts justifying such action. In view of the almost impossibility of giving testimony of such matters in a logical and coherent manner, we think the use of the paper was proper in the present case, since the defendant, by reason of his failure to cross-examine, practically admitted the plaintiff's knowledge of the stock, independent of the paper. *Pinney* v. *Andrus*, 41 Vt. 631.

The defendant contends that the trial court was in error in permitting its witness, Newell, to answer the following question: "I will ask you to state from what you saw and observed from the time you arrived there until the Hill boy asked you to hand him up that bucket of water what your

impressions were as to whether or not Mr. Stone wanted the fire to be put out." The normal function of a witness is merely to state facts within his personal knowledge, and, ordinarily, his opinion should never be received in evidence if all the facts can be ascertained and made intelligible to the jury, or if they are such as men in general are capable of comprehending and understanding. *Barna* v. *Gleason Coal & Coke Co.*, 83 W. Va. 216, 98 S. E. 158; *Starcher* v. *South Penn Oil Company*, 81 W. Va. 587, 95 S. E. 28; *Scott* v. *Hughes*, 66 W. Va. 573, 66 S. E. 737; *Sayre* v. *Woodyard*, 66 W. Va. 288, 66 S. E. 320. Several witnesses, including Newell, were present during the course of the fire, and testified to Stone's actions. It was possible, so far as the record discloses, for them to describe all the circumstances and conditions existing as they saw them at the building at the time of the fire, and leave the jury to say whether or not Stone wanted the fire to be put out. We see no reason why other facts, if there were such, could not have been presented to the jury in an intelligible form, so that the jury could be as well qualified as the witness to form a conclusion. And, again, the question called for a conclusion with respect to a matter in issue—Stone's wish or intent. It does not appear that the case is one which falls within any exception to the general rule.

The remaining point relied on by the defendant company in its brief is that the court erred in not requiring the plaintiff to file a bill of particulars. It appears from the record that on January 11, 1929, the case was continued on motion of the defendant, and at its costs. In that order defendant was given thirty days from the rising of the court to file its plea or pleas. The pleas and specification of defense were filed with the clerk on April 7th, and on May 11th, filed by formal order and joinder thereon. At the calling of the case for trial, later in the term, the defendant asked for an order in pursuance of section 62, chapter 125, Code, requiring the plaintiff to file a particular statement of the property claimed by him to have been destroyed by the fire pleaded in his declaration. The court overruled this motion. We are of opinion, under the circumstances in this particu-

lar case, that the request came too late. Defendant was represented by counsel on the date of filing of its pleas and plaintiff's joinder therein, and if it wanted to avail itself of the benefit of the section last mentioned, should have requested it on May 11th, or at least prior to the calling of the case for trial. *Paxton Lumber Co.* v. *Coal Co.*, 83 W. Va. 341. Ordinarily, whether or not such a motion has been seasonably made is a matter within the discretion of the trial court.

After a careful consideration of the record in this case, we are of opinion that there is no prejudicial error in the trial thereof, and that the judgment should therefore be affirmed.

*Affirmed.*