CLARENCE A. BECHER *v.* E. R. SPENCER *et al.*

(No. 7659)

Submitted September 13, 1933.   Decided September 19, 1933.

*Taylor & Taylor* and *Roderick G. Merrick,* for plaintiff in error.

*R. E. O'Connor* and *J. Howard Hundley,* for defendants in error.

MAXWELL, PRESIDENT:

Plaintiff's decedent, Carl O. Becher, was struck and killed by a bus westwardly-bound at East Bank, Kanawha County, about eight-thirty in the evening of November 4, 1932, as he walked eastwardly along his left-hand edge of a hard-surfaced highway. Defendant Spencer was the owner of the bus and defendant Hoke the driver. To a judgment for defendants, based on verdict, plaintiff was awarded writ of error.

The plaintiff assigns as error the refusal of the trial court to give to the jury certain instructions tendered by him and the giving of certain instructions for the defendants over the plaintiff's objection. We perceive no prejudicial error in the court's action on any of these instructions, except plaintiff's instruction No. 2-a, refused. This instruction would have told the jury that if they believed from a preponderance of the evidence that plaintiff's decedent was walking along and upon the edge of the traveled portion of the highway, facing traffic, and that the driver of the bus in approaching, saw, or in the exercise of reasonable care and caution, could have seen the said decedent, it was the duty of the driver to reduce the speed of the bus so as not to exceed a rate of fifteen miles per hour, and that if the driver did not so reduce the speed of the bus, but approached said decedent at a greater rate of speed than fifteen miles per hour, and that the rate of speed at which the bus was traveling contributed proximately to the injury complained of, and that said decedent was without fault, the jury had the right to find that the said driver was guilty of negligence in the operation of the bus, and might find a verdict for the plaintiff.

Plaintiff bases his right to the instruction on the statute, Code 1931, 17-8-12, whereof the pertinent provision reads: "Upon approaching any person walking in the traveled portion of any public highway, * * * a person operating a

motor vehicle or motorcycle shall reduce its speed so as not to exceed fifteen miles per hour * * *.'' It is not for the court to say whether a statute is reasonable; that is a legislative responsibility. It is our duty to apply the statute law as we find it written, so long as it is within constitutional limitations. We think this instruction conforms to the law and should have been given.

Defendants would justify the trial court's refusal to give said instructon by taking the position that the above mentioned statutory provision was repealed by chapter 59, of the Acts of Legislature of 1931. This position is not well taken. The title of said act discloses that its purpose was to amend and re-enact sections 18, 19, 20 and 21 of article 8 of chapter 17 of the Code of 1931. No mention is made of section 12 of said article, in either the title or the body of the act. True, section 21 of said act repealed all acts and parts of acts coming within the purview of the later act and inconsistent therewith, and, in section 18, certain broad traffic regulations are prescribed, but they are not inconsistent with, nor inclusive of, the specific requirements of section 12. Nor are we able to concur in the defendants' further attempted justification of the trial court's refusal of said instruction on either of the theories that said decedent was not actually walking on the edge of the road or that excessive speed of the bus was not the proximate cause of the accident. Defendants' theory of the facts is that the said decedent walked or fell against the side of the bus. These were not matters of law for the court but were purely questions of fact for jury determination. And, because of the controversial questions of fact about which reasonable minds might differ, we would not be warranted in saying that the jury could not properly reach any other verdict than that which it rendered, and therefore that the refusal of instruction 2-a could not have been prejudicial. So, not being able to perceive clearly that the refusal of said instruction was not prejudicial, the plaintiff is entitled to the presumption that he was prejudiced. ''Where conflicting theories of a case are presented by the evidence, each party is entitled to have his view of the case presented to the jury by proper instructions.'' *Whitmore v. Rodes,* 103 W. Va. 301, 137 S. E. 747, 748.

Because of the trial court's refusal to give plaintiff's instruction No. 2-a, we reverse the judgment, set aside the verdict of the jury and remand the case for a new trial.

*Reversed; verdict set aside; new trial awarded.*