IRMA BAILEY

*v.*

S. J. GROVES & SONS CO.

(No. 13630)

Decided November 30, 1976.

*Harold D. Brewster, Jr., Hudgins, Coulling, Brewster & Morhous*, for appellant.

*Walter W. Burton* for appellee.

BERRY, CHIEF JUSTICE:

The S. J. Groves & Sons Company, the defendant in an action in the Circuit Court of Mercer County for damages for trespass to real property, appeals a summary judgment entered against it.

The facts are without dispute, a stipulation of all material matters having been made by the parties in the trial court.

In 1970, the S. J. Groves & Sons Company entered into a contract with the West Virginia Department of Highways to build a segment of highway between Princeton and Oakvale in Mercer County, West Virginia. By the terms of the contract, Groves was to construct the highway in strict accordance with design and specifications established by the Department of Highways. Groves began work on the project on July 6, 1970.

Irma Bailey, the plaintiff below, owned and occupied a piece of land at a location in Mercer County known as Possum Hollow. Mrs. Bailey's property was immediately below and approximately 200 to 300 yards from a point where construction was to be undertaken by Groves.

By April 15, 1972, the highway construction across Possum Hollow above the Bailey property was approxi-

mately 95 percent complete. Only the paving of the highway and the installation of guardrails and signs remained to be done. On that day, heavy rains fell in the area of the construction site. The result of constructing the project in accordance with the design and specifications of the Department of Highways was to channel large quantities of surface water from the vicinity of the new highway into two rock-guttered drains and then into an existing stream which flowed down Possum Hollow and through the Bailey property. The quantities of water so directed caused flooding of the Bailey land and the irreparable damage of a vehicle bridge on the property.

By July, 1973, Groves had completed all work under the contract in the Possum Hollow area. At that time, heavy rains again fell, and again the Bailey property was flooded and damaged by water and debris.

As a result of the flooding of her property, Irma Bailey initiated an action in the Circuit Court of Mercer County against the appellant to recover for the damage. The action was based on trespass and the first complaint alleged that Groves " ... did enter onto and upon, trespass and cause damage to the real estate owned by the plaintiff ...." Thereafter, an amended complaint was filed which alleged that Groves " ... did cause to be entered upon and onto the plaintiff's property a large amount of rocks, water and other debris and trespassed and caused damage to said real estate."

Following preliminary proceedings, both parties made motions for summary judgment on the undisputed facts as stipulated. By their stipulation, the parties agreed that Groves, in constructing the highway, acted completely and strictly in accordance with the design, plans and specifications prepared and mandated by the Department of Highways and that it was not guilty of any negligence or improper construction in its work. After a jury trial, held for the sole purpose of determining the amount of damage to the plaintiff's property, the circuit court entered summary judgment on behalf of the plain-

tiff and awarded damages against Groves in the amount of $4,000 in accordance with the jury's verdict.

The sole issue in this case is whether the defendant, S. J. Groves and Sons Company, is liable for damage to the plaintiff's property even though it constructed the highway in strict compliance and conformity with the design, plans and specifications prepared by the West Virginia Department of Highways and was not guilty of any negligence in the course of its activities.

During the proceedings before the circuit court, the plaintiff proceeded on a theory of absolute liability for trespass to her property, resulting in damage to it. Neither the complaint, the amended complaint, nor the stipulated facts contain any allegation of any intentional intrusion, negligence or extrahazardous activity on the part of the defendant. Thus, it is apparent that the trial court granted plaintiff's motion for summary judgment on the theory that a trespass was actionable on a strict liability theory. This is clearly indicated in the trial court's finding and its conclusion of law that "[t]here was a trespass by the defendant which resulted in damage to the plaintiff."

The common law relating to trespass, as it originally developed in England, held that a defendant was liable not only for negligence for personal injuries caused to a person, but was absolutely liable for damage caused to property of a person. This strict liability approach appears to have been repudiated by the English courts* and is not the law at the present time in all states in this country where the issue has been decided. *Wisconsin Power & Light Co. v. Columbia County*, 3 Wisc.2d 1, 87 N.W.2d 279 (1958); *Gallin v. Poulou*, 140 Cal. App.2d 638, 295 P.2d 958 (1956); *Phillips v. Sun Oil Co.*, 307 N.Y. 328, 121 N.E.2d 249 (1954); *Brown v. Collins*, 53 N.H. 442 (1873). The strict rule has also been rejected by the

---

*See, *National Coal Board v. J. C. Evans & Co.*, [1951] 2 K.B. 861, and *Gayler and Pope v. Davis and Son*, [1924] 2 K.B. 75.

Supreme Court of the United States. *Parrot v. Wells*, 15 Wall. 524, 21 L.Ed. 206 (1873).

The widely accepted modern rule in this country is that liability for trespass to property can only be found where there is an intentional intrusion, negligence, or some extrahazardous activity on the part of the alleged wrongdoer. Prosser, *Law of Torts* §13, (3rd ed. 1964); 75 Am. Jur. 2d *Trespass* §6 (1974). This rule is stated in the *Restatement (Second) of Torts*, §166 (1965) as follows:

> "Except where the actor is engaged in an abnormally dangerous activity, an unintentional and non-negligent entry on land in the possession of another, or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or third person in whose security the possessor has a legally protected interest."

It appears that this modern approach, rather than the old English common law imposition of strict liability, has governed the disposition of some earlier West Virginia cases. *See, e.g., Elk Garden Big Vein Mining Co. v. Gerstell*, 100 W. Va. 472, 131 S.E. 152 (1925); *Cunningham v. Pitzer*, 2 W. Va. 264 (1867).

In the context of an action for trespass against a private contractor engaged in the construction of a public facility under contract with the State, it must be shown that the contractor independently committed an actionable trespass, *i.e.*, that he acted intentionally, negligently or employed a dangerous instrumentality in order that the property owner may recover. This principle is recognized at 64 Am. Jur. 2d *Public Works and Contracts* §135 (1972):

> "The rule is well-established that a public improvement contractor is not liable to a private property owner for damages where the contractor acts in accordance with the public authority's orders and is not guilty of negligence in the manner of doing the work. ... [T]he general rule

does not exempt the contractor from liability for acts done for his own convenience or not as an essential part of the contract, or where, according to some cases at least, the injury arises from the employment of ultrahazardous activities notwithstanding that the work was carried on without negligence or wilful tort."

Two recent West Virginia cases have discussed the contractor's liability with regard to damage to the property of third persons in connection with the building of a road under a contract with the State. In the case of *Whitney v. Ralph Myers Corp.*, 146 W. Va. 130, 118 S.E.2d 622 (1961), it was held that a general contractor in the construction of a public highway is absolutely liable for damages resulting from blasting operations conducted by him. The blasting operation being inherently dangerous and extraordinarily hazardous renders the contractor liable for damages to property from blasting without negligence. However, the Court suggested, by way of dicta, that where a contractor performs the work in accordance with the plans and specifications imposed by the State and is not guilty of negligence and is not engaged in inherently dangerous activities, the contractor is not liable for injury which necessarily results from the construction of the highway.

In *Perdue v. S. J. Groves and Sons Co.*, 152 W. Va. 222, 161 S.E.2d 250 (1968), this Court clearly recognized the general rule that a contractor building a road under a contract with the State is not liable in trespass for damage to the property of another unless such contractor is guilty of independent negligence or engages in ultrahazardous activities in pursuance of the contract. In *Perdue* this Court sustained the recovery of damages by the property owner solely because the injury was proximately related to the contractor's use of explosives.

In applying the foregoing principles, we take particular guidance from the decision of the Supreme Court of Pennsylvania in *Valley Forge Gardens v. Morrissey, Inc.*, 385 Pa. 477, 123 A.2d 888 (1956). The factual background

of that case is virtually identical to the case at bar. There, the contractor built a portion of a highway in Pennsylvania in strict accordance with a contract with the Pennsylvania Highway Department. During the construction of the highway, rain carried large quantities of dirt and silt onto the plaintiff's land causing certain damage thereto. The Pennsylvania court held that the damage was the natural result of the design and specifications in the contract by which the contractor was guided and since the contractor was not guilty of independent negligence in such construction, it was not liable in an action for trespass to the plaintiff's land. In reaching its conclusion, the court stated:

> "In every jurisdiction in this Country where the question has been passed upon (and that includes the Supreme Court of the United States, other Federal courts and courts of approximately half of the States), it has been uniformly held that in the absence of negligence or wilfully tortious conduct on the part of an independent contractor, he is not liable for injury to another's property which is caused by the performance of his contract with a governmental instrumentality in accordance with its plans and specifications."

Another case quite similar to the instant case is *Moore v. Clark*, 235 N.C. 364, 70 S.E.2d 182 (1952). The circumstances in that case were that an independent contractor, in the course of constructing a highway under a contract with the state, altered the drainage system on adjacent land where the work was being performed with the result that the property owner's land was flooded. It was held that the contractor was not liable in the absence of negligence where the work was done in accordance with the contract. *See, also, Yearsley v. Ross Construction Co.*, 309 U.S. 18, 84 L.Ed. 554, 60 S.Ct. 413 (1940); *Abercrombie v. Ledbetter-Johnson Co.*, 116 Ga. App. 376, 157 S.E.2d 493 (1967); *V. N. Green & Co. v. Thomas*, 205 Va. 903, 140 S.E.2d 635 (1965).

In the case before us, it is undisputed that the damage to the Bailey property was the direct and necessary result of the design of the highway rather than any independent intentional act, negligence or the use of ultrahazardous methods by Groves. Thus, the action of the circuit court in granting summary judgment to the appellee was improper.

For the reasons stated herein, the judgment of the Circuit Court of Mercer County is reversed and the case is remanded for proper disposition in accordance with the principles enunciated herein.

*Reversed and remanded.*