R. E. SAYRE AND EDNA SAYRE

*v.*

STEVENS EXCAVATING COMPANY

(No. 13986)

Decided July 3, 1979.

*Larry L. Skeen* for appellant.

*Oliver D. Kessel* for appellees.

CAPLAN, CHIEF JUSTICE:

Plaintiffs, R. E. Sayre and Edna Sayre, in October 1975, filed their complaint in the Circuit Court of Jackson County, charging Stevens Excavating Company, the defendant, with wilfully, unlawfully and without permission of the owners, entering in, upon and across the lands of plaintiffs, destroying a line fence, taking and carrying away large quantities of rock, dirt, timber, etc., all to the great damage of plaintiffs. Plaintiffs asked for compensatory and punitive damages.

Defendant moved to dismiss the action and answered. In its motion to dismiss defendant asserted that: 1) the complaint failed to state a claim against defendant; 2) the court lacked jurisdiction of the subject matter and over the defendant; 3) the action was barred by the statute of limitations; 4) the action was barred by laches and estoppel; and 5) that neither it nor any of its agents or employees illegally entered upon plaintiffs' land and averred that any entry made by defendant was under authority of law. In the answer, defendant asserted that it was without sufficient information to form a belief as to the truthfulness of the allegations contained in the complaint and demanded strict proof thereof.

After interrogatories were submitted and answered, plaintiffs moved for summary judgment asking the court to adjudicate "the location of the property line of the plaintiffs." The affidavit of plaintiff R. E. Sayre was submitted in support of the motion. The defendant filed a motion wherein the court was asked to dismiss and discharge the complaint because even if the court were to find that plaintiffs' land had in fact been "entered upon by the West Virginia Department of Highways and appropriated for the construction of a public highway, nevertheless the plaintiffs sole and exclusive remedy is to institute a petition seeking a writ of mandamus" against the State to require it to institute an eminent domain proceeding against the plaintiffs in order to resolve plaintiffs' claim of title to the subject property. Defendant, in the alternative, moved to strike and dismiss that portion of plaintiffs' complaint seeking exemplary and/or punitive damages on the ground that even if plaintiffs do in fact prove ownership of the land in question, the entry by defendant and its employees was without malice and under a reasonable mistake of fact.

Defendant filed an answer to plaintiffs' motion for summary judgment and moved to bring into this proceeding, as third party defendants, Golden Skeen and Charles L. and Maude E. Havlicek, persons who allegedly conveyed the subject property to the state. Affidavits of Michael L. Norman, a right of way agent for the West

Virginia Department of Highways and Pearley D. Pifer, a licensed surveyor for the Department of Highways, were submitted with the defendants' answer. In his affidavit, filed in support of the defendants' answer to plaintiffs' motion for summary judgment, Norman avers that the Department of Highways acquired the subject realty from Golden Skeen and Charles L. and Maude E. Havlicek. The affidavit of Pifer avers he surveyed the Skeen's and Havlicek's properties, "which is affected by construction of" the road project in Jackson County, and that he found that "the property boundaries for said parcels were essentially as shown on the West Virginia Department of Highway plans ... [and] that the right of way boundaries of [Parcels 12 and 13] did not go beyond their property lines." Pifer further asserted that "he checked the boundary of R. E. Sayre and Edna Sayre ... and that the right of way line for the right of way take for the construction of Project No. ... did not reach the boundary line of said R. E. Sayre and Edna Sayre." Pifer filed a subsequent affidavit wherein he notes an error in one of the calls in the Havlicek-Department of Highways deed. He asserts that the error is being corrected but that it does not effect the Department of Highways survey plans which he claims are correct. He further avers that "none of the 2.38 acres [the subject of this action] lies without the boundaries of [the Skeen and Havlicek parcels] and further the 2.38 acres lies totally within the boundaries of real estate acquired by the West Virginia Department of Highways by the deeds from Charles L. Havlicek and Maude E. Havlicek, his wife, and Golden Skeen, single". Pifer, in another affidavit, subsequent to those above referred to, averred that he surveyed the Sayre property and that no part of the Sayre property was involved in the take by the Department of Highways.

The trial court, taking all of the above into consideration, ruled that there was a genuine issue of material fact, namely, "whether the 2.38 acres involved here lies within or without the boundaries of the lands acquired by the Department of Highways upon and over which

the defendant was authorized and directed to proceed with the construction of a public road". The court refused plaintiffs' motion for summary judgment. The defendant thereafter moved for leave to join as third party defendants, Golden Skeen, Charles L. and Maude E. Havlicek, and the Department of Highways, alleging them to be indispensable parties and that they may be liable to defendant should plaintiffs prevail. A search of the record fails to disclose any ruling on this motion.

This Court concurs in the ruling of the trial court wherein the court denied plaintiffs' motion for summary judgment. We do not agree, however, that the issue is "whether the 2.38 acres involved here lies within or without the boundaries of the lands acquired by the Department of Highways . . ." In our opinion the issue is whether the 2.38 acres, from which the rock was taken, is within the right of way as shown by the Department of Highway maps furnished to the defendant. The fact that the 2.38 acre tract is owned by the plaintiffs, if it is, is of little consequence if the contractor had been furnished plans by the Department of Highways that demonstrated that the rock was obtained from an area described to be within the right of way. If the contractor were operating within the boundaries described in the plans and specifications furnished it by the Department of Highways, it would be entitled to the immunity of the state. The remedy of the true owner of the damaged property would be mandamus to compel eminent domain proceedings by the state.

In *Bailey v. S. J. Groves & Sons Co.*, ___ W. Va. ___, 230 S.E.2d 267 (1976), we said in Point 2 of the Syllabus: "In an action for trespass brought against a private contractor for damage to real property occasioned while the contractor is engaged in the construction of a public facility under contract with the State, it must be shown that the contractor independently committed an actionable trespass, *i.e.*, that he acted intentionally, negligently, or employed a dangerous instrumentality, in order that the property owners may recover." The contractor

in *Bailey* was afforded state immunity because it had constructed the highway in strict compliance with and in conformity to the design, plans and specifications prepared by the State Department of Highways and was not guilty of any negligence in the course of its activities. The damage to the property owners in *Bailey* was caused by the failure of the state to provide for proper drainage from the right of way. Due to the design of the drainage system, larger than anticipated quantities of water were cast upon the property of the plaintiffs causing the damages complained of by them. The design was the product of the state, not the contractor who constructed the highway in strict compliance therewith.

In the instant case, if the rock were taken from within the right of way boundaries as as depicted on the right of way plans, then the contractor would be operating within the ambit of the state's immunity and unless the contractor was guilty of some intentional or negligent trespass, independent of the contract, he would enjoy immunity from suit.

Unfortunately, in the instant case the verdict of the jury did not decide whether the rock taken was within the right of way as shown on the Department of Highways maps. The jury verdict was:

> We the jury find for the Plaintiffs' R. E. Sayre and Edna Sayre, his wife, to be the rightful owner of the land in question. We award the following to the Plaintiffs'.

| | |
|---|---|
| Compensatory damages | $21,675.00 |
| Punitive Damages | 10,000.00 |
| | $31,675.00 |

The jury merely decided ownership of the subject land and awarded damages to plaintiffs. The jury verdict did not establish the location of the 2.38 acre tract, merely the ownership thereof. As heretofore indicated, ownership of the property alone does not establish the right of

recovery. This case must be reversed and remanded for the purpose of determining whether or not the subject property is within the boundaries of the state's right of way as shown upon the State Department of Highways maps. If the jury finds the subject property to be outside the right of way boundaries established by the state and that plaintiffs do in fact own the subject property, the plaintiffs could prevail.

In the trial of this case, the defendant sought to have the jury instructed that "unless you find by a preponderance of the evidence that plaintiffs were and are the true owners of the acreage in question which plaintiffs claim to own and which plaintiffs claims was damaged by defendant, and unless you further find from a preponderance of the evidence that said acreage in question lies outside the boundaries of the U.S. Route 33 road project and outside the boundaries of the West Virginia Department of Highways plans and specifications for same, then you must return a verdict in favor of the defendant and not award plaintiffs any damages as plaintiffs must seek compensation from the State of West Virginia and not from defendant." This instruction which was refused, attempted to present the defendant's theory of the case.

It is well settled that each party is entitled to have his theory of the case presented to the jury if there is evidence to support such theory. *McMillen v. Dettore*, ____ W. Va. ____, 242 S.E.2d 459 (1978); *Becher v. Spencer*, 114 W. Va. 75, 170 S.E. 900 (1933); *Barna v. Gleason Coal Co.*, 83 W. Va. 216, 98 S.E. 158 (1919); and *Snedeker v. Rulong*, 69 W. Va. 223, 71 S.E. 180 (1911). See also *W. Va. Code*, 1931, 56-6-19; 10A M.J. Instructions § 21. Conversely, it is error to give such instruction unless there is evidence in support thereof. *Cochran v. Appalachian Power Co.*, ____ W. Va. ____, 246 S.E.2d 624 (1978); *Cross v. Nolan*, 156 W. Va. 1, 190 S.E.2d 18 (1972); *Newsom v. Meade*, 102 W. Va. 489, 135 S.E. 604 (1926); *State v. Barker*, 92 W. Va. 583, 115 S.E. 421 (1922).

We are of the opinion that there was evidence in the instant case to support an instruction reflecting the defendant's theory. The right of way map furnished the contractor clearly indicated a rock formation on the alleged state right of way. There was testimony offered by the defendant indicating that the rock quarry from which the rock was taken was located 230–240 feet from the centerline of the proposed highway. The map further showed the right of way extended a distance of 1100 to 1200 feet from the said centerline. It necessarily follows that if the right of way extends for a distance of 1100–1200 feet, and the quarry from which the rock was taken was only 230–240 feet from the centerline, the rock quarry would be within the boundaries of the right of way as shown on the map. This was the theory of defendant and as there was evidence to support such theory, the instruction should have been given.

In summary, we reverse the judgment of the trial court and remand the case for a new trial. The plaintiffs in order to prevail, must prove ownership of the damaged property and further must prove that the damaged property lies outside the boundaries of the right of way as delimited by the right of way map of the Department of Highways.

As the case is reversed and a new trial granted the defendant, we deem it unnecessary to discuss or comment on the other assignments of error.

*Reversed; verdict set aside and new trial awarded.*