# CHARLESTON.

## SNEDEKER v. RULONG.

Submitted June 11, 1910.   Decided April 25, 1911.

1.  WILLS—*Contest—Irregularity—Waiver of Objections.*

    It is irregular for a contestant to institute contest proceedings before a will is offered for probate by some one desiring its probate; but if a proponent, after objecting, appears thereto, and offers evidence to establish the due execution of the will, and on appeal by the contestant, from the order or sentence of the county court, to the circuit court, again appears, and without objection there takes the affirmative of the issue, *devisavit vel non*, and there again offers the will for probate, he will in this Court be treated as having waived his objection to the irregularity of the proceedings begun in the county court. (p. 225).

2.  TRIAL—*Instructions—Evidence to Support.*

    If there be evidence tending in some appreciable degree to support the theory of proposed instructions, it is not error to give such instructions to the jury, though the evidence be slight, or even insufficient to support a verdict based entirely on such theory.   (p. 226).

3.  WILLS—*Validity—Undue Influence—Evidence.*

    Undue influence sufficient to overthrow a will will not be in-

ferred from opportunity, suspicion, physical or even mental weakness, or from attachment or love for, or a desire to gratify the wishes of a beneficiary. It is necessary to show in addition that the free agency of the testator, at the time of the execution of the will, was overcome thereby. (p. 227).

4.  SAME—*Validity—Conflicting Evidence—Review.*

Where a will is offered for probate, as a holographic, and on an issue *devisavit vel non*, the evidence is conflicting on the question whether the will was wholly written by the testator, and signed by him, the verdict of the jury will not be set aside, unless shown to have been influenced by fraud, bias, prejudice or corruption, or some other undue influence. (pp. 227, 228).

Error to Circuit Court, Marshall County.

Proceeding by J. M. Snedeker to contest probate of a writing offered by J. M. Rulong as the last will and testament of Lula L. Conner, deceased. From an order of the county court admitting same to probate, Snedeker appealed to the circuit court, where judgment denying probate was pronounced, and Rulong brings error.

*Affirmed.*

*C. A. Showacre* and *D. B. Evans,* for plaintiff in error.

*Martin Brown,* for defendant in error.

MILLER, JUDGE:

On appeal by Snedeker, contestant, to the circuit court, from so much of the order or sentence of the county court, as admitted to probate, as the last will and testament of Lula L. Conner, deceased, a paper writing, dated January 23, 1909, the jury upon the issue of *devisavit vel non,* found, that neither the writing, dated December 9, 1908, also involved therein, nor said writing of January 23, 1909, offered for probate, taken separately or together, constituted the true last will and testament of said decedent.

On this verdict the court below denied the motion of Rulong, proponent, and devisee, to enter judgment, *non obstante veredicto,* that said paper writing, dated January 23, 1909, was the true and last will and testament of said decedent; and also his motion to set aside the verdict of the jury and grant him a new trial. And on November 6, 1909, the court pronounced the

judgment complained of, that neither the said writing of December 9, 1908, nor the said writing of January 23, 1909, separately or together, constituted the true last will and testament of said Lula L. Conner.

To this judgment, on the petition of Rulong, a writ of error was awarded, bringing the case here for review, for the errors assigned.

A preliminary point presented in the briefs, is that as no one who desired it had offered the alleged wills for probate in the county court, and as the proceedings there had been initiated by Snedeker, contestant, that court should not have proceeded, over the objections of Rulong, to try the contest begun by Snedeker. Section 26, chapter 77, Code 1906, does not authorize the institution of such a contest, before the will has been offered for probate by some one desiring the probate thereof. But Rulong did not stand on his objection, either in the county court, or on appeal, in the circuit court. After his objection had been overruled by the county court, he took the affirmative, and offered evidence to prove the due execution of said paper writings, resulting in the order and sentence of that court, denying the probate of the paper of December 9, 1908, but admitting to probate the paper of January 23, 1909, as the true last will and testament of said testatrix.

In the circuit court, on appeal, no question was presented by proponent as to the regularity of the proceedings in the county court. In the circuit court the proceedings were altogether regular, resulting in the judgment now under review. There the proponent, without again questioning the regularity of the proceedings in the county court, again took the affirmative of establishing the due and proper executions of the testamentary papers, and there, after the verdict, moved the court, notwithstanding the verdict, to pronounce judgment that the said paper writing of January 23, 1909, is the true and last will and testament of said Lula L. Conner. We are of opinion, therefore, that Rulong must be regarded as having waived all objections to the irregularity of the proceedings in the county court.

But three other points of error are presented: First, the giving of contestant's instructions to the jury, numbers one, six, seven, eight and nine; second, overruling proponent's motion for

judgment *non obstante veredicto;* third, overruling proponent's motion to set aside the verdict and award him a new trial.

First, as to the instructions. It is not claimed that these instructions do not state correct legal propositions. The contention is that there was no evidence justifying them, and that for this reason they were misleadnig and ought not to have been given. Without quoting, all of them, except the eighth, were intended to cover contestant's theory of undue influence, controlling the mind of the testatrix. Numbers one, seven and nine seem to have been approved, as correct legal propositions, in *McMechen* v. *McMechen,* 17 W. Va. 711; and number four, in *Forney* v. *Ferrell,* 4 W. Va. 737. Number eight related to the theory of incompetency, and simply told the jury that they might consider in connection with all the other evidence on that question, the unnatural disposition of her property by the testatrix to others than her next of kin, her living father, mother and sisters. The other instructions of contestant given, and not excepted to, were intended to cover his theory that said testamentary papers were not written, or wholly written and signed by the testatrix, and that not being witnessed, as required by section 3, chapter 77, Code 1906, could not be probated as her will, the burden of proving which and to establish the due execution of which was devolved, by the statute, on the proponent thereof. The proponent's theories on these and other questions, were fully covered by the eight several instructions given the jury at his instance. The case seems to have been fully and fairly tried and submitted to the jury, on all questions presented by the evidence.

But did the evidence warrant contestant's several instructions given on the theory of incompetency and undue influence? We think it did. By so saying we must not be understood as indicating the opinion that the evidence justified the verdict of the jury on these theories. What we mean to say is, that the evidence tended in an appreciable degree to establish. these theories of the case, justifying the giving of the instructions, and that no error was committed in doing so. As was said by Judge POFFENBARGER, in *State* v. *Clifford,* 59 W. Va. 1, 18: "A court need not withhold an instruction for paucity of evidence, if there be any, tending, in an appreciable degree to establish the

hypothesis embodied in the instruction." Citing and quoting from Judge Lee in *Hopkins* v. *Richardson,* 9 Grat. 485, and criticising the expressions of some of our previous decisions, and relying on *Carrico* v. *Railroad Co.,* 39 W. Va. 86, as justifying his conclusion. The later case of *Diddle* v. *Casualty Co.,* 65 W. Va. 170, point eight of the syllabus is also applicable.

We have carefully examined the evidence on the questions of incompetency, and undue influence, and while we find evidence of an appreciable degree justifying the giving of the instructions on these theories, it is very doubtful whether the verdict could be justified on these theories. Indeed our doubt, based on numerous prior decisions, amounts to substantial conviction that the verdict and judgment, if they stood alone on these theories, and the evidence thereon, would have to be reversed. It is not only proven, but admitted, that the testatrix was sick and weak physically, at the dates of the alleged execution of these papers; that Rulong, who practiced the profession of "Masseur,"—treatment of the body, as described by him, by the process of manipulation, concussion, kneading and rubbing, and who had been employed, professionally, by Mrs. Conner's husband, before his death, and afterwards by her; had visited her nearly every day, sometimes remaining with here for long periods, and in this way, and by befriending her in other ways, had gained great favor with, and influence over her, and had many opportunities to unduly influence Mrs. Conner; and had gone to the extent of advising her to make a will. Other facts proven arouse grave suspicions of improper and undue influence, by Rulong; but our decisions say that, opportunity, suspicion, physical and even mental weakness, attachment or love for, and desire to gratify the wishes of a beneficiary, are not enough to overthrow a will, if the free agency of the testator, at the time of the execution of his will, be not overcome by undue influence; and that such undue influence must have amounted to such force or coercion as to overcome such free agency. *Woodville* v. *Woodville,* 63 W. Va. 286; *Stewart* v. *Lyons,* 54 W. Va. 665, and the numerous prior decisions cited therein. We find little in the evidence justifying the conclusion that the testatrix did not, at the date of these papers, have sufficient mind to execute a will; or that her free agency was then overcome by Rulong.

But may the verdict and judgment stand on the other theory

of the case, namely, that the papers were not wholly written and signed by the testatrix? We think it can. The county court found against the paper of December 9, 1908. The motion of the proponent in the circuit court, for judgment *non obstante veredicto,* did not include a motion for a judgment of probate of that paper; that motion was limited to the paper of January 23, 1909. Does this not show lack of faith on his part in the validity of that paper? The evidence relating to hand writing was practically the same as to both papers. The opinion of the witnesses as to handwriting and signatures of the testatrix, and their comparisons of these papers with her letters and checks introduced was conflicting. The jury and the court below heard the witnesses, had all the original papers before them; and had better opportunites than we have of getting at the truth. The sufficiency of the evidence was challenged in the court below, and was deliberately considered, weighed and passed upon by an able, painstaking and learned judge; and it is of such a conflicting character as to preclude us from overthrowing the verdict and the judgment, for want of sufficient evidence to support them. To do so would be violative of rules and principles too familiar to require repetition. Our plain duty, therefore, is to affirm the judgment.                                    *Affirmed.*