572 S.E.2d 909

Robert W. FARIS and Carmella Jane Faris, his wife, Plaintiffs Below, Appellants,

v.

HARRY GREEN CHEVROLET, INC., a West Virginia corporation, and Roger S. Jones, and Ford Motor Co., a Delaware corporation, Defendants Below, Appellees.

No. 30412.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 2002.

Decided Nov. 1, 2002.

Stephen M. LaCagnin, Esq., Jackson & Kelly, Morgantown, for Appellees Harry Green Chevrolet, Inc. and Roger S. Jones.

PER CURIAM.

The appellants, Robert W. Faris and Carmella Jane Faris, appeal from a Harrison County Circuit Court order denying their motion for a new trial. We affirm the circuit court's order.

## I.

On October 31, 1997, Mr. Faris' vehicle was struck by an automobile that was negligently driven by appellee Roger S. Jones. Robert W. Faris filed suit against Roger S. Jones, Mr. Jones' employer Harry Green Chevrolet, Inc., and Ford Motor Company seeking damages for past and future medical expenses, pain and suffering, and permanent partial disability. Mr. Faris' wife, Carmella Jane Faris, filed a loss of consortium claim.

The appellants claim that because of the car accident Mr. Faris suffered pain in his back and wrists, and to address the pain, he has had two cervical spine surgeries and one carpal tunnel release surgery. At trial, the appellants entered photographs into evidence that showed cuts and bruises on Mr. Faris' face resulting from the car accident. The appellants also offered statements covering medical services received by Mr. Faris on the day of the car accident and continuing through May 25, 2000. Mr. Faris' medical expenses for this period totalled more than $76,000.00.

Before trial, the appellees admitted liability in causing the car accident. However, the appellees challenged much of the appellants' asserted damages. The cornerstone of the appellees' challenge was that most of the damages claimed by Mr. Faris arose from Mr. Faris' 1990 slip-and-fall accident, and that Mr. Faris had already been compensated by his lawsuit against the convenience mart where he fell.

The appellees' theory was that the complaints that Mr. Faris made in the instant suit were the same complaints that had been made in the prior case. To support their theory, the appellees offered deposition testi-

Lewis A. Clark, Esq., West & Jones, Clarksburg, for Appellants.

mony introduced in the prior suit from medical professionals and from Mr. Faris.

After a two-day trial in the instant case, the jury awarded Mr. Faris $1,735.80 in damages and $1,500.00 for pain and suffering, for a total award of $3,235.80. The jury did not award any damages for appellant Carmella Faris' loss of consortium claim.

The appellants made a motion for new trial asserting that the damages awarded were inadequate. On May 3, 2001, the Harrison County Circuit Court denied the appellants' motion; the appellants then appealed to this Court.

## II.

■■■ This Court reviews a lower court's ruling of whether to grant or deny a motion for a new trial under the following standard:

A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure,* the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

Syllabus Point 3, *In re State Public Bldg. Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied sub nom. W.R. Grace & Co. v. West Virginia,* 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995). ■■■ To determine whether the lower court erred, it is necessary to look at the evidence supporting the jury's verdict. "It is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony of witnesses regarding them is conflicting and the

finding of the jury on such facts will not ordinarily be disturbed by this Court." Syllabus Point 2, *Graham v. Crist,* 146 W.Va. 156, 118 S.E.2d 640 (1961). When weighing the evidence in an alleged inadequate verdict case, this Court will view the evidence in a light most favorable to the defendant and grant all favorable inferences. "In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant." Syllabus Point 1, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983). "In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true." Syllabus Point 3, *Walker v. Monongahela Power Co.,* 147 W.Va. 825, 131 S.E.2d 736 (1963) (finding that when a suit involving conflicting testimony and circumstances has been fairly tried under proper instructions, the verdict will not be set aside unless plainly contrary to weight of evidence or without sufficient evidence to support it). Further, in Syllabus Point 2 of *Fullmer v. Swift Energy Co., Inc.,* 185 W.Va. 45, 404 S.E.2d 534 (1991), this Court held that "[w]e will not find a jury verdict to be inadequate unless it is a sum so low that under the facts of the case reasonable men cannot differ about its inadequacy."

■■■ Reviewing the record below, we find that both parties presented substantial but conflicting evidence to the jury regarding the extent of Mr. Faris' injuries resulting from the car accident. The jury awarded the appellants exactly the costs of Mr. Faris' medical expenses on the day of the car accident, plus an additional amount of $1,500.00 for pain and suffering. The jury did not award any damages that could arguably be attributed to Mr. Faris' earlier injuries, nor did the jury award Mr. Faris for an ambulance ride to the hospital the day after the car accident.[1] The inference can be drawn that the jury did not believe that the evidence

---

1. Mr. Faris, complaining of a swelling on his forehead, called an ambulance to transport him to the hospital. The ambulance ride cost $307.40.

supported the medical necessity or reasonableness of the ambulance ride or the other additional damages claimed by the appellants. Likewise, the jury, having heard evidence of other causes for Mr. Faris' physical limitations, was within its rights to find that Mr. Faris' limitations were not caused by the car accident. Viewing the evidence in the light most favorable to the appellees, we find that there was adequate evidence to support the jury's verdict. The circuit court did not abuse its discretion in refusing to grant the appellants a new trial.

### III.

Therefore, we affirm the lower court's ruling.

Affirmed.