No. 19-0666 –    *Wal-Mart Stores East, L.P. v. Johna Diane Ankrom*

**FILED**
**November 23, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Jenkins, Justice, concurring, in part, and dissenting, in part:

I agree with the majority's affirmance of the trial court's assignment of responsibility for the damage award in proportion to the percentage of liability that the jury found as to each party, *i.e.* Wal-Mart and Mr. Leist. Such ruling is consistent with the jury's liability determination and award of damages, as well as the applicable law for the recovery of a judgment from multiple defendants found to be responsible for a plaintiff's injuries.

However, I simply cannot agree with the majority's determination that no instructional error occurred during the trial of this case. A trial court should instruct the jury on a party's theory of the case where the facts and the law support the instruction. As the majority astutely notes in Syllabus point 10 of its opinion,

> "'"'[i]f there be evidence tending in some appreciable degree to support the theory of proposed instructions, it is not error to give such instructions to the jury, though the evidence be slight, or even insufficient to support a verdict based entirely on such theory.' Syllabus Point 2, *Snedeker v. Rulong*, 69 W. Va. 223, 71 S.E. 180 (1911)." Syllabus Point 4, *Catlett v. MacQueen*, 180 W. Va. 6, 375 S.E.2d 184 (1988) [(per curiam)].' Syllabus point 6, *Wilt v. Buracker*, 191 W. Va. 39, 443 S.E.2d 196 (1993), *cert. denied*, 511 U.S. 1129, 114 S. Ct. 2139, 128 L. Ed. 2d 868 (1994)." Syllabus point 3, *Craighead v. Norfolk & Western Railway Company*, 197 W. Va. 271, 475 S.E.2d 363 (1996).

1

Syl. pt. 4, *Coleman v. Sopher*, 201 W. Va. 588, 499 S.E.2d 592 (1997). During the underlying jury trial, Wal-Mart introduced evidence to support its theory of the case: that Mr. Leist's actions in running from its employees and through the store constituted an unforeseeable intervening cause that proximately caused Ms. Ankrom's injuries. However, the trial court substituted its view of the evidence for that of the jury and determined that Wal-Mart had not established its entitlement to this defense and, thus, that an instruction on intervening cause was not warranted. Because, as the majority also recognizes, in footnote 51 of its opinion, a trial court's "refus[al] to instruct the jury on a litigant's theory of the case when it is supported by competent evidence prevents consideration of that theory by the jury, and thus invites reversal," *Danco, Inc. v. Donahue*, 176 W. Va. 57, 60, 341 S.E.2d 676, 679 (1985), I respectfully dissent from that portion of the majority's opinion affirming the trial court's rejection of Wal-Mart's intervening cause jury instruction.

The primary issue presented to the jury in the underlying trial was a determination of who was responsible for Ms. Ankrom's injuries: Wal-Mart, Mr. Leist, or Wal-Mart and Mr. Leist. To guide the jury's determination of this issue, the trial court instructed the jury on proximate cause and joint negligence, but it rejected Wal-Mart's intervening cause instruction. In doing so, the trial court usurped the jury's role as the finder of fact by substituting its own judgment for that of the jury when it found that the facts did not support the giving of an intervening cause instruction. The trial court did so despite the fact that Wal-Mart repeatedly argued and presented evidence at trial supporting

2

its theory of the case that Mr. Leist's actions were an intervening cause that proximately caused Ms. Ankrom's injuries. Evidence that the trial court usurped the jury's determination of the operative facts supporting Wal-Mart's theory of the case is included in the court's amended post-trial order entered July 2, 2019, wherein it specifically stated that "[t]he [c]ourt properly determined that the evidence failed to establish that Leist's conduct was an intervening cause[.]" This summation is disturbing because it suggests that the trial court did not appreciate either the role of the jury or the function of its charge to the jury during the underlying proceedings, particularly when this Court specifically has stated that "determination of . . . intervening causation [is] [an] issue[] to be resolved by the finder of fact," here, the jury. *Marcus v. Staubs*, 230 W. Va. 127, 139, 736 S.E.2d 360, 372 (2012) (per curiam).

In a trial by jury, the jury is the ultimate finder of fact. Recognizing the importance of this principle, this Court specifically has held that "'[i]t is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony of witnesses regarding them is conflicting[.]' Syllabus Point 2[, in part], *Graham v. Crist*, 146 W. Va. 156, 118 S.E.2d 640 (1961)." Syl. pt. 2, *Faris v. Harry Green Chevrolet, Inc.*, 212 W. Va. 386, 572 S.E.2d 909 (2002) (per curiam). *Accord* Syl. pt. 3, *Toler v. Hager*, 205 W. Va. 468, 519 S.E.2d 166 (1999) ("'"Where, in the trial of an action at law before a jury, the evidence is conflicting, it is the province of the jury to resolve the conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong.' Point 2, Syllabus, *French v. Sinkford,* 132 W. Va. 66[, 54 S.E.2d 38 (1948)]." Syllabus

3

Point 6, *Earl T. Browder, Inc. v. County Court* [*of Webster County*]*, 145 W. Va. 696, 116 S.E.2d 867 (1960).'  Syllabus Point 2, *Rhodes v. National Homes Corp.,* 163 W. Va. 669, 263 S.E.2d 84 (1979).").

The trial judge's charge to the jury, in turn, provides the jury with instructions regarding the applicable law that serve to guide the jury's consideration and analysis of the facts.  In other words,

> [t]he purpose of instructing the jury is to focus its attention on the essential issues of the case and inform it of the permissible ways in which these issues may be resolved.  If instructions are properly delivered, they succinctly and clearly will inform the jury of the vital role it plays and the decisions it must make. . . .  "Without [adequate] instructions as to the law, the jury becomes mired in a factual morass, unable to draw the appropriate legal conclusions based on the facts."

*State v. Guthrie*, 194 W. Va. 657, 672, 461 S.E.2d 163, 178 (1995) (quoting *State v. Miller*, 194 W. Va. 3, 16 n.20, 459 S.E.2d 114, 127 n.20 (1995)) (footnote omitted).  Thus, while "[t]he jury is the trier of the facts[,] . . . 'there is no presumption that they are familiar with the law.'"  *State v. Lindsey*, 160 W. Va. 284, 291, 233 S.E.2d 734, 739 (1977) (quoting *State v. Loveless*, 139 W. Va. 454, 469, 80 S.E.2d 442, 450 (1954)).

Although a trial court is vested with discretion in formulating its charge to the jury, such discretion does not permit the court to exclude an instruction that correctly states the law applicable to the case, where such instruction is supported by the evidence

4

adduced at trial, and is not otherwise covered in the jury's charge. Appreciating this

concept, the majority held, in Syllabus point 11 of its opinion, as follows:

> A trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense.

Syl. pt. 11, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). In the case presently

before the Court, it is quite apparent that Wal-Mart satisfied each of these factors when it

requested the trial court to instruct the jury on intervening cause. However, in affirming

the trial court's ruling, the majority determined that these criteria had not, in fact, been met.

I disagree.

First, the requested instruction must be "a correct statement of the law." Syl.

pt. 11, in part, *Derr*, *id.* The instruction Wal-Mart requested concerned intervening cause.

This Court has defined intervening cause as follows, which the majority also reiterated in

Syllabus point 8 of its opinion:

> """An intervening cause, in order to relieve a person charged with negligence in connection with an injury, must be a negligent act, or omission, which constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury." Syllabus Point 16, *Lester v. Rose*, 147 W. Va. 575, 130 S.E.2d 80 (1963) [*modified on other grounds by State ex rel. Sutton v. Spillers*, 181 W. Va. 376, 382 S.E.2d 570 (1989)].' Syllabus Point 1, *Perry v. Melton*, 171 W. Va. 397, 299 S.E.2d 8 (1982)." Syl. Pt. 3, *Wehner v. Weinstein*, 191 W. Va. 149, 444 S.E.2d 27 (1994).

5

Syl. pt. 8, *Harbaugh v. Coffinbarger*, 209 W. Va. 57, 543 S.E.2d 338 (2000) (per curiam).

In other words, "where the actions of one or more tortfeasors constitute an intervening cause, such actions operate to break the chain of causation and relieve the remainder from liability." *Marcus v. Staubs*, 230 W. Va. at 139, 736 S.E.2d at 372. *Cf.* Syl. pt. 13, *Anderson v. Moulder*, 183 W. Va. 77, 394 S.E.2d 61 (1990) ("A tortfeasor whose negligence is a substantial factor in bringing about injuries is not relieved from liability by the intervening acts of third persons if those acts were reasonably foreseeable by the original tortfeasor at the time of his negligent conduct.").

Here, Wal-Mart's proffered intervening cause instruction provided as follows:

> Wal[-M]art claims that [it] [was] not the proximate cause of Plaintiff, Diane Ankrom's injuries and damages because there was an intervening negligent act that caused the injury and damages of Plaintiff.
>
> Wal[-M]art is not responsible for Plaintiff[']s injuries and damages if it is proven, by the greater weight of the evidence, all of the following:
>
> 1. That there was a new independent, negligent act or omission of another party that occurred after the conduct of Wal[-M]art; and
>
> 2. That the new independent, negligent act or omission was a new, effective cause of the injury or damages, and
>
> 3. That the new independent, negligent act or omission operating independently of anything else caused the injuries.

6

Wal-Mart's proposed intervening cause instruction substantially tracks the above-quoted language of Syllabus point 8 of *Harbaugh*, 209 W. Va. 57, 543 S.E.2d 338, and, thus, Wal-Mart's requested, but refused, instruction on intervening cause was a correct statement of the law.

> Furthermore, while I agree with the proposition that
>
> > """[a]n instruction should not be given when there is no evidence tending to prove the theory upon which the instruction is based." Syl. pt. 4, *Hovermale v. Berkeley Springs Moose Lodge No. 1483,* [165] W. Va. [689], 271 S.E.2d 335 (1980).' Syllabus point 3, *Jenrett v. Smith,* 173 W. Va. 325, 315 S.E.2d 583 (1983)." Syllabus point 4, *Maples v. West Virginia Department of Commerce*[, *Division of Parks and Recreation*], 197 W. Va. 318, 475 S.E.2d 410 (1996)[,]

Syl. pt. 3, *Coleman v. Sopher*, 201 W. Va. 588, 499 S.E.2d 592, those are not the facts of the case *sub judice*. Here, there was ample evidence to support the trial court's inclusion of an intervening cause instruction in its charge to the jury. Moreover, while the majority surmises that the plethora of judicial opinions involving facts similar to those herein rendered the circumstances of Mr. Leist's flight foreseeable so as to defeat an intervening cause instruction, the majority neglects to realize that the Wal-Mart employees, as laypersons, did not have the benefit of legal counsel during the exigencies of their brief, and emergent, encounter with Mr. Leist on February 23, 2015. Therefore, Wal-Mart's proposed intervening cause jury instruction was a correct statement of the law and was supported by the evidence such that the trial court's failure to include this instruction in its charge to the jury constitutes reversible error.

Second, the requested instruction must be one that "is not substantially covered in the charge actually given to the jury." Syl. pt. 11, in part, *Derr*, 192 W. Va. 165, 451 S.E.2d 731. While Wal-Mart propounded its theory of intervening cause during its presentation of its case during trial and in its closing arguments to the jury, the parties do not dispute that Wal-Mart's requested intervening cause instruction was *not* included in the court's charge to the jury—a fact the court also acknowledges in its amended post-trial order.

Typically,

> "[a] proper closing argument . . . involves the summation of evidence, any reasonable inferences from the evidence, [and] responses to the opposing party's argument . . . ." [*State v. Guthrie*, 194 W. Va. 657,] 628 n.27, 461 S.E.2d [162,] 184 n.27 [(1995)] (citing *Coleman v. State*, 881 S.W.2d 344 (Tex. Crim. App. 1994)). To this end, while attorneys are given great latitude in arguing their cases, "[i]t is equally well settled, that counsel must keep within the evidence and not make statements calculated to inflame the minds of jurors intending to induce verdicts warped by prejudice." *State v. Kennedy*, 162 W. Va. 244, 249, 249 S.E.2d 188, 191 (1978) . . . .

*State ex rel. Games-Neely v. Yoder*, 237 W. Va. 301, 310, 787 S.E.2d 572, 581 (2016) (citation omitted). Thus, a party's closing argument in a jury trial includes an appeal to the jury to rule in that party's favor, but it does not include a statement of the law with respect to which the jury must render its verdict.

By contrast, a court's charge to the jury encompasses the court's instructions to the jury as to the governing law and the jury's determination of the issues in the case.

8

*See, e.g.*, *State v. Williams*, 206 W. Va. 300, 302-03, 524 S.E.2d 655, 657-58 (1999) (per curiam) (explaining review of adequacy of jury charge as requiring consideration "'not [of] whether the jury charge was faultless in every particular but whether the jury was misle[d] in any way and whether it had an understanding of the issues and its duty to determine those issues'" (quoting *State v. Hinkle*, 200 W. Va. 280, 285, 489 S.E.2d 257, 262 (1996))); *Michael on Behalf of Estate of Michael v. Sabado*, 192 W. Va. 585, 600, 453 S.E.2d 419, 434 (1994) (commenting that a challenged jury "instruction must be examined in light of the entire jury charge"). Moreover, this Court expressly has distinguished between the roles of closing arguments and a trial court's charge to the jury, cautioning as follows:

> We repeat here that due to the risk of misleading the jury, a circuit court should refrain wherever possible from gratuitously adding language to its charge that is not an element of the claim or defense and that can better be presented to the jury by way of closing argument.

*Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 117, 459 S.E.2d 374, 394 (1995).

The majority appears to suggest that, because Wal-Mart argued its intervening cause theory during the trial of the case and advocated this defense to liability during its closing argument, this factor of the *Derr* test is satisfied without an intervening cause instruction. I disagree because a party's closing argument clearly is not the same as, nor is it a suitable substitute for, a trial court's charge to the jury and the instructions set forth therein. Therefore, I submit that the failure to give an intervening cause instruction,

9

where this statement of the law was not otherwise included in the trial court's instructions to the jury, constitutes reversible error.

Third, the requested instruction must "concern[] an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense." Syl. pt. 11, in part, *Derr*, 192 W. Va. 165, 451 S.E.2d 731. The trial court's failure to give Wal-Mart's intervening cause instruction in this case clearly hampered Wal-Mart's defense of this case. Not only was Wal-Mart foreclosed from proceeding on alternate theories of the case, but the jury's return of a verdict against Wal-Mart provides substantial proof that its "ability to effectively present" its intervening cause defense was "seriously impair[ed]." Syl. pt. 11, in part, *Derr*, *id.*

At the outset it should be noted that Wal-Mart's alternate theory of the case, *i.e.* joint negligence, is not fatal to its simultaneous reliance on and request for an intervening cause jury instruction. Rather, "[w]here there is competent evidence tending to support a pertinent theory in the case, it is the duty of the trial court to give an instruction presenting such theory when requested so to do." Syl. pt. 7, *State v. Alie*, 82 W. Va. 601, 96 S.E. 1011 (1918). By the same token, instructions regarding alternate theories of liability or defenses are permissible so long as they, again, correctly state the applicable law. "'Where conflicting theories of a case are presented by the evidence, each party is entitled to have his view of the case presented to the jury by proper instructions.' Syl., *Morris v. Parris*, 110 W. Va. 102, 157 S.E. 40 (1931)." Syl. pt. 2, *Danco, Inc. v. Donahue*,

10

176 W. Va. 57, 341 S.E.2d 676. In fact, Rule 8(e)(2) of the West Virginia Rules of Civil Procedure specifically allows a defendant to rely upon, and advance, alternative theories of its defense to the claims asserted against it:

> A party may set forth two or more statements of a . . . defense alternately or hypothetically . . . . A party may also state as many separate . . . defenses as the party has regardless of consistency and whether based on legal or on equitable grounds or on both.

Consequently, "a defendant generally is entitled to a jury charge that reflects *any* defense theory for which there is a foundation in the evidence." *State v. LaRock*, 196 W. Va. 294, 308, 470 S.E.2d 613, 627 (1996) (emphasis added; citations omitted).

"[I]ntervening cause is a recognized defense in this State," *Sydenstricker v. Mohan*, 217 W. Va. 552, 559, 618 S.E.2d 561, 568 (2005) (citation omitted), and "the function of an intervening cause [is that of] severing the causal connection between the original improper action and the damages." *Harbaugh v. Coffinbarger*, 209 W. Va. at 64, 543 S.E.2d at 345. With specific application to the matter presently before the Court, "[t]he questions of negligence, contributory negligence, proximate cause, intervening cause and concurrent negligence are questions of fact for the jury where the evidence is conflicting or when the facts, though undisputed, are such that reasonable men draw different conclusions from them." Syl. Pt. 2, *Evans v. Farmer*, 148 W. Va. 142, 133 S.E.2d 710 (1963). This is so because "the jury, as the finders of fact, have the responsibility of weighing the evidence and the credibility of the witnesses and resolving these inconsistencies within the framework of the instructions given to them by the court." *State*

11

*v. Houston*, 197 W. Va. 215, 230, 475 S.E.2d 307, 322 (1996) (citation omitted). Therefore, the ultimate determination of the issue of liability based upon the evidence presented is reposed in the jury as the finder of fact, and, to achieve this end, "[i]n its role as the ultimate fact-finder, the jury [i]s entitled to reach its own conclusions based upon the evidence presented." *Bressler v. Mull's Grocery Mart*, 194 W. Va. 618, 622, 461 S.E.2d 124, 128 (1995) (citation omitted). Here, though, the trial court's failure to give Wal-Mart's intervening cause instruction hampered the jury's ability to make a full assessment of each party's responsibility for Ms. Ankrom's injuries thus impeding Wal-Mart's ability to present an effective defense to the claims of liability asserted against it.

Moreover, the simple fact that the jury rendered a verdict against Wal-Mart in this case, both as to liability and damages, strongly suggests that the jury's consideration of Wal-Mart's intervening cause defense was "substantially impaired." The trial court's failure to instruct the jury on this theory prevented it from considering Wal-Mart's defense that Mr. Leist's actions served as an intervening cause that absolved it of liability for Ms. Ankrom's injuries. *See* Syl. pt. 11, in part, *Derr*, 192 W. Va. 165, 451 S.E.2d 731. In other words, had the trial court properly instructed the jury regarding intervening cause, it is conceivable that the jury could have considered Mr. Leist's flight to be an intervening cause responsible for Ms. Ankrom's injuries, and, thus, no finding of liability against Wal-Mart would have been rendered in the first instance. Instead, however, the jury's decision in this case speaks for itself—the trial court's failure to give an intervening cause instruction absolutely prevented the jury from considering this defense advanced by Wal-Mart. Given

12

the substantial impairment of Wal-Mart's ability to "effectively present" its defense as a result of the trial court's failure to instruct the jury on intervening cause, Wal-Mart has demonstrated grounds for reversal on this basis under Syllabus point 11 of *Derr*, 192 W. Va. 165, 451 S.E.2d 731.

In conclusion, this Court has recognized that "[o]ur law is clear that the 'paramount function of the trial judge is to conduct trials fairly and to maintain an atmosphere of impartiality.'" *Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter*, 238 W. Va. 375, 392, 795 S.E.2d 530, 547 (2016) (quoting *McDonald v. Beneficial Standard Life Ins. Co.*, 160 W. Va. 396, 398, 235 S.E.2d 367, 368 (1977)) (footnote omitted). Nevertheless, the trial court overstepped these boundaries during the underlying proceedings and invaded the province of the jury by precluding the jury from deciding whether Mr. Leist's actions were an intervening cause so as to render him exclusively liable for Ms. Ankrom's injuries. Because Wal-Mart's proposed intervening cause instruction correctly stated the law and was not otherwise covered by the trial court's charge to the jury, and the instruction's omission from the jury charge hampered Wal-Mart's ability to present its theory of the case to the jury for its consideration, I respectfully dissent from the majority's determination that the circuit court committed no error by refusing the requested instruction. I am authorized to state that Chief Justice Armstead joins me in this separate opinion.

13