No. 21-0913 –*WesBanco Bank, Inc. v. Chrystal Gayle Ellifritz*

**FILED**
**June 15, 2023**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BUNN, Justice, dissenting:

The central issue in this case is whether a valid, enforceable contract exists to require WesBanco to pay the funds Ms. Ellifritz's father deposited in a money market certificate with WesBanco's predecessor, Central National Bank, upon Ms. Ellifritz's presentation of the certificate for payment. The majority concludes that an enforceable contract exists, and, therefore, the jury did not need to be instructed on whether the redemption clause at issue here—that requires presentment of the certificate to receive payment—is a substantive part of the parties' contractual agreement or whether it is merely boilerplate language that has no real meaning or effect because the parties have waived or abandoned this portion of their contract. However, determination of whether the parties intended to be bound by this language was not a question for the court—either the trial court or this Court. "Generally, the existence of a contract is a question of fact for the jury." Syl. pt. 4, *Cook v. Heck's, Inc.,* 176 W. Va. 368, 342 S.E.2d 453 (1986). Because the majority usurps the role of a properly instructed jury by resolving the factual disputes at issue in this case, I respectfully dissent.

At the time of trial, Ms. Ellifritz still had the subject money market certificate in her possession. WesBanco's corporate representative stated that the certificate constitutes a contract between the depositor and the bank, and the majority finds this

1

testimony to be conclusive evidence of the contract's existence and enforceability. But the bank representative also admitted that WesBanco has redeemed similar certificates without requiring that the certificate be presented, signed, or returned at the time of payment, even though the specific language of the document says, on its face, that it is "payable . . . on the return of this certificate properly endorsed." Therefore, two questions of fact were at issue at trial: (1) is the certificate a valid, enforceable contract and (2) if the certificate is a valid, enforceable contract, have the parties waived compliance with its terms.

With respect to the first question of fact, even though the jury is vested with the authority to determine whether the parties have entered into a contract, both the trial court and the majority of this Court definitively determined that the certificate constitutes a valid contract. I do not agree with this approach because the existence of a contract is a factual issue that the jury should have been allowed to decide. *See* Syl. pt. 4, *Cook*, 176 W. Va. 368, 342 S.E.2d 453.

The second factual dispute—whether one or both of the parties has waived or abandoned the terms of their agreement by considering the presentment clause to be mere boilerplate language—is guided by Syllabus point 4 of *Peters v. Peters*, 191 W. Va. 56, 443 S.E.2d 213 (1994),[1] which provides:

---

[1] Although the concurring opinion in this case suggests that the Court revisit the continued validity of *Peters v. Peters*, 191 W. Va. 56, 443 S.E.2d 213 (1994), the majority has not undertaken such a review. Therefore, until the Court either modifies or overrules *Peters*, it remains good law. *See State ex rel. W. Va. Dep't of Transp., Div. of*

The rules of a bank voluntarily adopted by it become a valid agreement or contract between the bank and its depositors when an account is opened and the passbook is issued or a certificate of deposit purchased pursuant to the printed rules set forth in the passbook or the certificates. However, *mere boilerplate recitals of the obligation to present passbooks or surrender endorsed certificates at the time of withdrawal constitute nothing more than general statements of bank policy and as such create no substantive rights in depositors*. Thus, when the terms relating to the requirement of presentation of a passbook or certificate are positioned or articulated in such a way as to make it evident that a [b]ank does not intend the terms to be binding, no contract exists as to those terms.

(Emphasis added). Thus, regardless of the actual terms of a deposit certificate, *Peters* recognizes that the holder of such funds may treat the redemption terms as mere boilerplate language. As boilerplate, neither the depositor nor the funds holder is required to comply with those terms, which means Ms. Ellifritz's possession of the certificate is not determinative of whether the certificate's funds have been paid to one of the depositors or are still being held by the bank. Here, the parties dispute whether compliance with the presentment provision was required for payment of the certificate's funds. Ms. Ellifritz maintains that until the certificate is endorsed and presented for payment, as required by the certificate's terms, the funds have not yet been paid. Conversely, WesBanco contends that it has waived the presentment requirement because that terminology is mere boilerplate language—pursuant to *Peters*—that has no real force or effect. Syl. pt. 4, *Peters*, 191 W. Va. 56, 443 S.E.2d 213. Resolution of this second question of fact—whether

---

*Highways v. Reed*, 228 W. Va. 716, 719, 724 S.E.2d 320, 323 (2012) ("[T]he doctrine of *stare decisis* requires this Court to follow its prior opinions." (quotations and citation omitted)).

3

compliance with the terms on the face of the certificate is required or whether one or both parties has waived their performance—is also entrusted to the jury: "The question of waiver or abandonment by plaintiffs of their contract . . . was one of fact for the jury[.]" *Roberts & Stanley v. Am. Column & Lumber Co.*, 76 W. Va. 290, 296, 85 S.E. 535, 537 (1915). *Cf. Pilling v. Nationwide Mut. Fire Ins. Co.*, 201 W. Va. 757, 759, 500 S.E.2d 870, 872 (1997) (per curiam) ("Only if the court makes the determination that the contract cannot be given a certain and definite legal meaning, and is therefore ambiguous, can a question of fact be submitted to the jury as to the meaning of the contract. It is only when the document has been found to be ambiguous that the determination of intent through extrinsic evidence become[s] a question of fact." (quotations and citation omitted)). Despite the jury's critical task of determining whether the seemingly straightforward presentment terms had been waived or abandoned by one or both of the parties, the trial court refused to give the jury a *Peters* instruction, because it said *Peters* was not "applicable" or "pertinent." The majority agrees with the trial court's finding that recognition of a valid contract between the parties effectively forecloses all other inquires, including whether contractual terms have been waived. I disagree.

In order to effectively perform its role of fact finder, a jury must be properly instructed on the law that applies to the disputed facts it is asked to decide.

> The purpose of instructing the jury is to focus its attention on the essential issues of the case and inform it of the permissible ways in which these issues may be resolved. If instructions are properly delivered, they succinctly and clearly will inform the jury of the vital role it plays and the decisions

4

it must make. . . . Without [adequate] instructions as to the law, the jury becomes mired in a factual morass, unable to draw the appropriate legal conclusions based on the facts.

*State v. Guthrie*, 194 W. Va. 657, 672, 461 S.E.2d 163, 178 (1995) (quotations and citation omitted). Therefore,

[a] trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law.

Syl. pt. 4, in part, *id.* In other words, "[i]nstructions should be based upon and correctly state the evidence." *Franklin v. Pence*, 128 W. Va. 353, 362, 36 S.E.2d 505, 510 (1945). "An instruction which undertakes to cover the whole case and to state all the circumstances and conditions necessary to be considered by the jury in arriving at a verdict, but which omits an essential view of the case, is erroneous." *Delmar Oil Co. v. Bartlett*, 62 W. Va. 700, 709, 59 S.E. 634, 638 (1907). The majority recognizes the importance of instructing the jury on all the law applicable to the facts in a given case through its reliance on Syllabus point 11 of *State v. Derr* in its opinion:

A trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is *not substantially covered in the charge actually given to the jury*; and (3) it *concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense*.

Syl. pt. 11, *Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994) (emphasis added).

5

During the underlying trial, the court refused to give WesBanco's two proffered jury instructions that would have provided the correct legal context for the jury's deliberations by instructing them on *Peters* and a bank's ability to treat certain deposit terms as unenforceable boilerplate language.[2] The majority endorses this ruling. I do not. Without giving the jury an instruction regarding the law as established by *Peters*, the trial court "omit[ted] an essential view of the case" from the jury's consideration and left the jury in a "factual morass." *Delmar Oil*, 62 W. Va. at 709, 59 S.E. at 638; *Guthrie*, 194 W. Va. at 672, 461 S.E.2d at 178. Regardless of the court's opinion of the evidence presented at trial, "[i]f there be evidence tending in some appreciable degree to support the

---

[2] WesBanco's proposed Jury Instruction No. 2, which the circuit court refused, provided:

> Plaintiff [Ms. Ellifritz] contends that the Certificate of Deposit indicates that neither she nor her father could withdraw the funds from the account without first endorsing and surrendering the Certificate of Deposit to the bank. Under West Virginia law, these types of surrender provisions are nothing more than general statements of bank policy. As such, they create no substantive rights in depositors like the plaintiff and her father.

WesBanco's proposed Jury Instruction No. 3, which the circuit court also rejected, stated:

> Furthermore, the provision in the Certificate of Deposit that indicates that neither the plaintiff [Ms. Ellifritz] nor her father could withdraw the funds from the account without first endorsing and surrendering the Certificate of Deposit to the bank does not constitute or create a contractual duty on the part of the bank.

Both of these proposed instructions cited *Peters* as the source of their authority. *See generally Peters*, 191 W. Va. 56, 443 S.E.2d 213.

6

theory of proposed instructions, it is not error to give such instructions to the jury, though the evidence be slight, or even insufficient to support a verdict based entirely on such theory." Syl. pt. 2, *Snedeker v. Rulong,* 69 W. Va. 223, 71 S.E. 180 (1911). Here, WesBanco's corporate representative's testimony presented evidence from which the jury could have found *both* the existence of a valid contract *and* that the bank had effectively waived the contract's terms requiring presentment of the certificate upon a request for its redemption. Because only those instructions supporting the finding of a contract were given while instructions regarding the alternative theory of waiver of the contract's requirements were steadfastly refused and blatantly omitted from the jury's charge, the jury's instructions, as a whole, did not "sufficiently instruct[] the jury." Syl. pt. 4, in part, *Guthrie*, 194 W. Va. 657, 461 S.E.2d 163. The majority's opinion affirming the circuit court's refusal of the proffered *Peters* instructions fails to recognize or remedy this deficiency and further compounds this error by removing the essential factual question of whether an enforceable contract exists from the jury's province. For these reasons, I respectfully dissent.